**UNITED STATES ex rel. LASHBROOK v. SULLIVAN.**

Civ. No. 418-D.

District Court, E. D. Illinois.

June 10, 1944.

No appearance for either party.

LINDLEY, District Judge.

In his request for a writ of habeas corpus in forma pauperis, the relator avers that he is being held by respondent, unlawfully in the Illinois State Penitentiary, Menard Branch. He contends that the sentence of from one to fourteen years is void because it did not specify a particular institution in which he was to be confined, and that he is being held beyond the time when his release should have occurred by virtue of statute, in violation of the Fourteenth Amendment and the constitution and laws of the state of Illinois.

Relator was indicted in the Circuit Court of Saline County on September 27, 1937, for assault with intent to murder, and the court imposed upon him an indeterminate sentence of from one to fourteen years on his plea of guilty. During his confinement in the penitentiary, on October 4, 1938, the Parole Board directed a six year continuance, less credit for good behavior. In June, 1941, he was granted a parole which, by its terms, would have become effective on October 19, 1941, after credit for good behavior. Instead of being released on that date, relator was notified in November, 1941, that his parole had not been revoked, but that his case was to be reviewed at the December meeting of the board. In December of the same year, he was informed by the Division of Correction, an agency which by statute succeeded to the authority and became bound to discharge the duties of the board, that his parole had been revoked and his case continued until October 4, 1946. In June, 1943, he again heard from the Division, this time to the effect that he had again been denied parole and would have to serve his maximum sentence, less the statutory time allowed for good conduct.

Relator insists that he has earned all the good behavior credit possible, that he has been a "grade A" prisoner since he first appeared before the Parole Board in October, 1938; that he is a trusty; that he was never accorded the privilege of appearing before the Division of Correction; that there was no valid reason for revocation of his parole, and that he has, therefore, been denied his statutory and constitutional rights. His petition reveals that he has in vain sought writs in the Circuit Court of Saline County, in the Supreme Court of Illinois and by certiorari in the United States Supreme Court. As he has exhausted his state remedies, it devolves upon this court to consider the merits. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448.

Relator's contention that his confinement is void because the mittimus is so indefinite and vague as to make his sentence illegal, is without merit. Chapter 108, sec. 105 of the Illinois Revised Statutes 1943, provides that, "The institutions heretofore known as the Illinois State Penitentiary, at Joliet, the Southern Illinois Penitentiary, at Chester (Menard), the Illinois State Reformatory, at Pontiac, and the Illinois Asylum for Insane Criminals, at Chester, are hereby consolidated into a single institution to be known as the Illinois State Penitentiary. The expression 'penitentiary system' hereafter used in this Act shall be taken to mean the institution resulting from such consolidation." Section 107 provides: "All commitments which under the law heretofore in force would have been made to the Illinois State Penitentiary, at Joliet, to the Southern Illinois Penitentiary, at Chester (Menard), or to the Illinois State Reformatory, at Pontiac, shall hereafter be made to the penitentiary generally, and the Department of Public Safety shall have full power to assign the committed person to the division of the penitentiary system appropriated to his

550

class." The statute contains no requirement that the judgment shall name a particular penitentiary, but expressly provides that a convicted person shall be confined in the penitentiary generally. See People v. Mikula, 357 Ill. 481, 192 N.C. 546; People v. Herkless, 361 Ill. 32, 196 N.E. 829. The sentence to "the Penitentiary of this State" was proper.

█ Relator further insists that his imprisonment is in violation of his constitutional rights because he is being detained beyond the period when parole was to be effective. He was sentenced under the indeterminate sentence statute, which contemplates a sentence for the maximum term provided by law for the offense for which a prisoner is convicted. Thus, he may not demand, as a matter of right, that he be discharged before the expiration of the maximum term, less time allowed for good behavior. People v. Bowen, 367 Ill. 589, 12 N.E.2d 625; People v. Connors, 291 Ill. 614, 126 N.E. 595. Therefore, he has no well-founded complaint of the action of the Division in withdrawing his parole and requiring him to serve the maximum sentence of fourteen years, less good behavior time, unless the action of the Parole Board fixing his release date as October 19, 1941, gave him an adjudicated right to be released at that time, so that the Division could not thereafter require him to serve the maximum sentence, in the absence of an infraction of prison rules which would justify revocation of his parole.

█ I think that a prisoner acquires no absolute right to be released when notified by state authorities that his parole has been granted, so that he can enforce this "right" when the specified date arrives, though the order is later revoked. So to hold would conflict with the decision of the Illinois Supreme Court that an indeterminate sentence is for the maximum of the term, and that release before the full term has expired is merely a matter of discretionary grace to which no one is entitled as a matter of right. Release prior to serving the maximum term is not to be confused with credit allowed for good behavior, which is a statutory credit and may not be forfeited arbitrarily by state officials. People v. Lewis, 376 Ill. 509, 34 N.E.2d 712.

The language in People v. Bowen, 367 Ill. 589, 12 N.E.2d 625, seems decisive. The court said on page 595 of 367 Ill., 12 N.E.2d 628: "There is no express statutory authority empowering the parole board to fix the expiration of a prisoner's sentence either before or after he has served the minimum of the sentence, nor can any such inference reasonably be drawn from the language of the act. The wording of the board's order of October, 1930, does not warrant the construction put upon it by the petitioner. The return to the writ states that under the rules of the parole board and the Department of Public Welfare the order meant that, if the prisoner's conduct was such as to earn all good time then possible, his name would again appear on the parole board's docket at the end of six years, nine months and fifteen days. The effect of the relator's claim that a fixed sentence of ten years was rendered by the board in October, 1930, is that an arm of the executive department usurped a judicial function. People v. Jenkins, 322 Ill. 33, 152 N.E. 549."

█ In disposing of this contention, we are not called upon to review the record of any judicial proceeding. We are confronted merely with the question of whether the state administrative body, endowed by statute with discretion to determine whether a parole should be granted, may, after having once acted favorably, thereafter revoke the earlier order and deny parole. In the performance of their duties, such administrative officers are called upon to exercise judgment and discretion, to investigate, deliberate and decide. People v. Joyce, 246 Ill. 124 and 135, 92 N.E. 607, 20 Ann.Cas. 472. The court's jurisdiction and duties ended when the judgment was entered; thereafter the execution of the sentence was within the sole authority of the executive department of the state. The manner of executing the sentence and extension or mitigation of punishment are fixed by the legislative department and what it has determined must be put in force and effect by the administrative or executive officers in whom the power is lodged. People v. Joyce, supra. The administration of the parole law is the exercise, through the administrative department, of the state's power to keep safely, supervise and discipline its prisoners. Such powers are not judicial but are matters of "prison discipline." People v. Joyce, supra.

█ If the federal court were to review the discretionary acts of a state prison administrative body, then it would necessarily assume paramount power and au-

thority over the state's control of its prisoners. To do so is far beyond the review of judicial records, legitimately within the purview of a habeas corpus proceeding. I shall not embark upon such an undertaking. The jurisdiction to interfere with the proceedings of state governmental bodies charged with the prosecution and punishment of offenders is an exceedingly delicate one to be exercised with the greatest of care and nicest sense of propriety. Kelly v. Dowd, Warden, 7 Cir., 140 F.2d 81; Rogers v. Peck, 199 U.S. 425, 26 S.Ct. 87, 50 L.Ed. 256; Potts v. Dowd, Warden, 7 Cir., 141 F.2d 12. "We live in the jurisdiction of two sovereignties, each having its own system of courts to declare and enforce its laws in common territory. * * * The people for whose benefit these two systems are maintained are deeply interested that each system shall be effective and unhindered in its vindication of its laws. The situation requires, therefore, not only definite rules fixing the powers of the courts in cases of jurisdiction over the same persons and things in actual litigation, but also a spirit of reciprocal comity and mutual assistance to promote due and orderly procedure." Ponzi v. Fessenden et al., 258 U.S. 254, at page 259, 42 S.Ct. 309, at page 310, 66 L.Ed. 607, 22 A. L.R. 879.

 The state administrative authorities have entered a discretionary order denying the relator parole. Apparently no statutory or constitutional reason invalidates this order. The Division has the disciplinary power to revoke, alter or modify its earlier orders. Any other rule would lead to chaos in state administration. By virtue of the order relator is bound to serve the maximum sentence entered by the court. This does not mean fourteen years, because the provisions for credit for good conduct are incorporated in the sentence by virtue of law and become a part of it as much as if actually written into it. People v. Joyce, supra. It follows that under the existing order, the relator will be compelled to serve eight years and three months, which is much less than the maximum sentence. This is a grace extended to the prisoner by the Illinois statutes which the administrative body must allow and may not arbitrarily forfeit. People v. Lewis, 376 Ill. 509, 34 N.E.2d 712.

The petition to proceed as a poor person is allowed; that for a writ of habeas corpus is denied.