**STATE, ex rel. NEWMAN, Petitioner, v. LOWERY et, Respondents.**

Ohio Appeals, Second District, Franklin County.

No. 4505.    Decided June 21, 1951.

Robert E. Holmes, Columbus, for petitioner.

Hon. C. William O'Neill, Atty. Genl., Max H. Dennis, Asst. Atty. Genl., Columbus, for respondents.

## OPINION

By HORNBECK, PJ.

This is an action seeking a writ commanding the Commission to reinstate its order granting a parole to the petitioner from the Ohio State Penitentiary.

The order which the action seeks to have enforced is of date March 9, 1950, found in the minutes of the defendant Commission,—Continued cases,

"63515—Franklin County Bank Robbery Parole on or after April 20, 1950, when arranged by Bureau of Probation and Parole."

This order was supported by two members of the Commission. Thereafter, of date April 10, 1950, these minutes appear in the record of the Commission:

"In re—James Newman No. 63515 O. P. This inmate was received at the Ohio Penitentiary from Franklin County, March 18, 1931, to serve a life sentence for bank robbery.

"According to law, this case became eligible for hearing and at the March, 1950 meeting, the Commission voted a parole effective on or after April 20, 1950, when arranged by the Bureau of Probation and Parole.

"This case was given further consideration by the Pardon and Parole Commission, and the Commission this day, April 10, 1950, rescinded the action taken at the March, 1950 meeting and voted the following action:

" 'Continue to March, 1955.' "

This order was supported by two members of the Commission.

It is the claim of petitioner that the order of April 10, 1950, rescinded the action of the Commission of March 9, 1950, was unauthorized, a denial of due process of law to the petitioner and if upon any authority at all, an abuse of the discretion of the Commission.

We approach the question in this case without any precedent to shape our determination.

We are not impressed with the constitutional question urged nor the invalidity of the order because not authorized.

The petitioner, in a very thorough and well written brief approaches the subject from two aspects: (1) That the order of parole having been formally entered could be revoked only for good cause shown. Citations are offered from 54 A. L. R. 1471; 39 Am. Jur. 579, Section 95; MacAboy v. Klecks, 22 F. Supp. 960, Attorney General's Op. No. 912, 1949, and §2209-20 GC.

These citations all relate to a parole which has become effective and the prisoner has been released from the institution in which he had been incarcerated. The definition of the word "parole," paragraph 8, §2209 GC, is that:

"The word 'parole' shall mean the release from confinement in any state penal or reformatory institution, by the Pardon and Parole Commission upon such terms and conditions as the Commission may prescribe."

Manifestly here no parole had become effective although an order had been made and the conditions fixed under which it would issue. There was no revocation of parole. We find no merit in the first contention.

The second claim is that the Commission abused its discretion in making the order of rescission without formal hearing or opportunity to the petitioner to be heard, and without sufficient reason to support it. It is contended that the act of the Commission was, in probability, brought about by articles in various newspapers throughout the state, and these are before us. An examination of these articles is convincing that those which appeared between the first order and the second were insufficient in subject matter to have influenced the issuance of the second order. In no one of them is there any material fact which was not available to the Commission when it made its first order. The only new matter was to the effect that Governor Lausche meant to look into the action of the Commission, but at the same time he expressed no opinion and said in substance that he was not informed in the matter. So that, it is inferable that the Commission came to a different conclusion upon that which was before it or had further information not appearing in the record, which actuated the order of rescission.

We are treating here of the power of the Commission and not of the propriety either in failing to extend the right of a hearing to the petitioner or to recite the subject matter or reasons for the act of the Commission.

The power and authority of the Commission to grant or revoke the parole must be found in the specific language of, and the intendment to be drawn from, §2209-8 GC, which, in so far as pertinent, reads:

"The Commission shall have the power and authority to exercise its functions and duties * * * in relation to the parole of a prisoner eligible for parole, upon the initiative of the head of the institution wherein the prisoner is confined, or upon its own initiative. * * * The Commission shall have continuing power and authority to investigate and examine, or to cause the investigation and examination of, prisoners confined in state penal or reformatory institutions concerning their conduct therein, their mental and moral qualities and characteristics, their knowledge of a trade or profession, their former means of livelihood, their family relationships **and any other matters affecting their fitness to be at liberty without being a threat to society.**

"The Commission may * * *order the parole of any prisoner, if in its judgment there is reasonable ground to believe that if * * * the prisoner be paroled he will be and remain at liberty without violating the law, and that the granting of such * * * parole **is consistent with the welfare and security of society.**" (Emphasis ours.)

It will be observed that the Commission has continuing jurisdiction of the matters entrusted to it and that the elements in that part of the section which we have underscored are to be taken into consideration in acting upon a parole.

Inasmuch as there is no requirement that the Commission specifically set forth in its orders the reason for its action we must indulge the presumption that when it made the order of rescission it had subject matter which supported some ground of unfitness of the petitioner to be released.

The presumption of legality and regularity of the official acts of the Commission in the performance of its duties must be indulged, (17 O. Jur. 129) and thus, unless it had no power to make the second order, it must be presumed that it was validly made. The controlling statute is not specific as to the authority of the Commission to rescind the order formerly made and we must resort to a reasonable construction of its meaning. It is recognized that Courts have the power during term, even on their own motion, to set aside and vacate an order theretofore made. By analogy, it would appear that when the Commission has made an order granting a parole effective at a future date, it would have in its broad discretionary power the right to enter an order of rescission pro-

vided that it become effective prior to the actual release of the prisoner.

It will be noted that the order of parole was to be effective on or after April 20, 1950, when arranged by the Bureau of Probation and Parole. Manifestly, the time when the parole would become effective was after proper arrangements had been made by the Bureau of Probation and Parole. We, however, do not ground our judgment upon this fact because if the position of the petitioner could be maintained in this Court he would be entitled to some affirmative order in his behalf.

Although the matter determined is one of first impression, it is our judgment that the Commission upon the record had the discretionary power to make the order of April 10, 1950.

The writ will be denied.

WISEMAN and MILLER, JJ, concur.