**ZENZ, Petitioner-Appellant, v. ALVIS, Warden, Respondent-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4572.   Decided November 1, 1951.

Emile Reiss, Wilmore Brown, Columbus, for petitioner-appellant.

C. William O'Neill, Atty. Genl., Max H. Dennis, Asst. Atty. Genl., Columbus, for respondent-appellee.

## OPINION

By THE COURT.

This is an appeal on questions of law from the judgment of the Common Pleas Court of Franklin County denying to petitioner, Harry Zenz, a writ of habeas corpus.

The petitioner was tried and convicted in Hamilton County, Ohio, in 1931, under an indictment which consisted of two counts. The first count charged that petitioner entered the Reading Bank and there committed the crime of robbery upon one Harry A. Green. The second count charged that defendant entered the Reading Bank with intent to steal money from said bank.

The defendant was found guilty on both counts. The Court sentenced the petitioner to life imprisonment on both counts, the sentence on the second count to run concurrently with the sentence on the first count.

The petitioner contends that there was only one entry into the bank and that only one offense was committed. The lower court in this matter found that from the record there was no positive showing that there was only one entry and that the Court was permitted to conclude that there may have been two entries. The lower court was bound and this court is bound by the record made in this case. This court cannot consider new evidence in this court which was not presented to the trial court. This matter is in this court on an appeal on questions of law and we are bound by the record made in the trial court.

The lower court held that under §13437-3 GC, the two counts were properly joined in one indictment and a verdict of guilty may be returned on each count. The lower court held that any defect in the indictment should have been raised

at the time of trial under the indictment as provided in §13437-28 GC, and that any irregularity which existed, if there was any irregularity, did not render the conviction or sentence void. The lower court further held that the sentencing of the petitioner to life imprisonment on each count was legal and that said sentence did not violate the constitutional provision against cruel and unusual punishment. This Court is in accord with the judgment of the lower court.

The record shows that on May 9, 1947, the Ohio Pardon and Parole Commission granted the petitioner a parole to take effect on and after June 20, 1947, when arranged by the Bureau of Probation and Parole. On June 16, 1947, the Pardon and Parole Commission rescinded the action taken on May 9th. On June 16, 1947, the parole had not become effective since "parole" under §2209 GC, is defined to mean "the release from confinement in any State Penal" institution. The petitioner contends· that the Act rescinding the granting of the parole was ineffective legally to invalidate the action granting the parole. This Court has passed upon this precise question in State, ex rel. Newman v. Lowery, et al., No. 4505 (61 Abs 337), Court of Appeals of Franklin County, in an unreported opinion, dated June 21, 1951, in which a writ of habeas corpus was denied on this ground.

This Court finds §12441 GC, to be constitutional. See Ex parte, Fleming, 123 Oh St 16.

We have given careful consideration to each error assigned and all questions raised by counsel for petitioner in his brief and find no assignment of error well made.

Judgment affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

## ON APPLICATION FOR REHEARING

No. 4572. Decided November 30, 1951.

## OPINION

By THE COURT.

Application for rehearing is hereby overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.