**UNITED STATES ex rel. MITCHELL v. SHUTTLEWORTH, Warden of Federal Correctional Institution, Tallahassee, Fla.**

United States District Court

N. D. Florida, Tallahassee Division.

Aug. 26, 1952.

J. Velma Keen, Tallahassee, Fla., for petitioner.

George Earl Hoffman, U. S. Atty., Pensacola, Fla., for respondent.

DE VANE, Chief Judge.

Relator filed in this Court a petition for writ of habeas corpus in which he alleged that on September 25th, 1950, in the District Court of the United States in and for the Southern District of Alabama, Mobile Division, he pleaded guilty to Counts 1, 2 and 5 of an indictment charging violations of Title 26, § 3793(b) (1), and Title 18, § 88,[1] of the United States Code, in wilfully aiding in the making of false and fraudulent returns of income of Gulf Coast Tobacco Company for the years 1943 and 1944 and conspiring to evade and defeat the income taxes due to the government by that company. On said date, upon said pleas of guilty, relator was adjudged guilty of the offenses charged, and under Count 1 he was sentenced to three years in prison and fined $5,000; on Count 2 he was sentenced to five years imprisonment to run consecutively with the sentence imposed on Count 1, but this sentence was suspended and probation granted for five years; on Count 5 he was sentenced to two years imprisonment to run concurrently with the sentence imposed under Count 1. Relator was committed to the Federal Correctional Institution at Tallahassee, Florida, on October 6th, 1950, when he began to serve the sentences imposed on Counts 1 and 5.

---

1. 1948 Revised Criminal Code, 18 U.S.C.A. § 371.

Relator further alleges that subsequent to his commitment to the Federal Correctional Institution he made application for parole to the United States Parole Board in accordance with the rules and regulations of said Board and that on October 11, 1951, the United States Parole Board granted Relator a parole effective December 5th, 1951, and that Relator was furnished with a "Notice of Action of Parole Board", a copy of which was attached to the petition for writ of habeas corpus.

Relator further alleges that prior to his release under the aforementioned parole, Relator received a written notification that his parole had been "reopened and denied" and that Respondent verbally advised him that his parole had been revoked. No copy of this notice was attached to the petition filed by Relator.

Relator further alleges that the action of the United States Parole Board in revoking the parole theretofore granted was done without notice and hearing of any kind, and he further alleges that no event or events, cause or causes, had transpired since the granting of his parole which would justify the United States Board of Parole in revoking his parole and that the action of the said Board in revoking Relator's parole was arbitrary, capricious, without cause, and, therefore, void and of no effect. Upon these allegations he sought his release by habeas corpus.

The court issued an order requiring Respondent to answer said petition and set the case down for hearing on August 11th, 1952, at which time a full hearing was had in the case. In compliance with the court's order Respondent filed a return to the petition for writ of habeas corpus either admitting the material allegations of the petition or answering that he was without knowledge as to the same and, therefore, was unable to admit or deny certain of the allegations. Respondent also filed a motion to dismiss, ruling upon which motion was reserved until the court had heard the evidence in the case.

The evidence introduced at the hearing is not in conflict in any respect. Relator offered in evidence the "Notice of Action of Parole Board" bearing date of October 11th, 1951, in which it was stated that parole had been granted effective December 5th, 1951. Relator also testified that he had committed no misconduct or violation of the rules of the institution justifying the revocation of his parole. This testimony of Relator was later confirmed by the testimony of the Clerk of the Federal Correctional Institution who was called as a witness by Respondent. Relator also introduced in evidence an award of exceptional meritorious service issued to him by the institution subsequent to the date he had received notice that his application for parole had been granted. Relator testified he had lost the "Notice of the Action of the Parole Board" served upon him sometime in November notifying him that the Parole Board had reopened and denied his application for parole. The evidence of Relator and Respondent shows that each notice of action of the Parole Board served upon Relator was issued on a form used by the Federal Correctional Institution and signed by the Parole Officer of that institution.

Respondent introduced in evidence a photostatic copy of the notice to him of the action of the Parole Board bearing date October 8th, 1951, in which it is recited: "The case of the above-named petitioner has had the Board's careful consideration and on the date shown below parole was granted eff. December 5th, 1951". This notice was signed by the Assistant Parole Executive of the United States Parole Board. Respondent also introduced in evidence the second notice to him bearing date November 20th, 1951, on precisely the same form as used for the first notice, in which it was stated that the application for parole was "reopened and denied". This notice was likewise signed by the same Assistant Parole Executive.

The Clerk of the Federal Correctional Institution testified that when the institution received the two notices of the action of the Parole Board on Relator's application for parole that the parole officer of the institution furnished Relator with a notice of each action of the Parole Board on forms used by the institution in all such cases and that all notices to the institution from the Parole Board were filed as a part of the records of

the institution and never served upon prisoners. The witness testified further that the institution had no authority to release a prisoner on parole until it received from the United States Board of Parole a certificate of parole duly approved and issued by the Board; that no such certificate was ever received in this case and, for that reason, Respondent was without authority to release Relator on parole. Merely to advise the court as to the nature of this certificate of parole, Respondent introduced in evidence a copy of a certificate of parole issued in another case. This copy discloses that the rules and regulations of the Board prohibit the release of a prisoner even after the certificate has been received by the warden of the institution until the conditions (printed on the back thereof) under which the parole is granted have been agreed to by the prisoner, evidenced by his signature agreeing to the conditions.

The question presented by the petition is whether this case is controlled by Title 18, § 4207, of the United States Code. Counsel for Relator vigorously urges that the Parole Board was without authority to revoke and set aside its action granting Relator parole unless it complied with the requirements of said section. Counsel for Respondent urges with equal vigor that said section is not applicable in this case and that the Board was under no obligation to grant Relator a hearing before reopening the case and revoking the action theretofore taken.

■■ While citing numerous other cases, counsel for Relator relies primarily on Hiatt v. Compagna, 5 Cir., 178 F.2d 42; Compagna v. Hiatt, D.C., 100 F.Supp. 74, and Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566. The court has carefully considered these cases and other cases cited by counsel for Relator and is of the opinion that none of them are applicable or controlling in this case. The court finds and holds that Title 18, § 4207, United States Code is applicable only in cases where parole has been granted and the parolee released under the terms and conditions imposed upon him at the time of his release. Up until the date a prisoner is released the Parole Board is free to take any action it considers appropriate with reference to the granting or denying of parole to a prisoner.

In adopting rules and regulations with reference to the granting of paroles the Department of Justice has so construed the law and long prior to the granting of parole in this case had adopted a regulation governing the powers and duties of the Parole Board in its administration of the law relating to the parole of prisoners. The rule, found in Title 28, Section 2.21 of the Code of Federal Regulations, is as follows:

Section 2.21 Discretionary Power of Board.

"The board may reconsider any case on its own motion, it may change, postpone, or deny a parole which has been granted; and it may add to or modify the conditions of parole at any time."

■■ The court finds and holds that the Attorney General of the United States has the power to adopt the regulation quoted above under the Parole Act; that it is in every respect legal; that it is controlling in this case; and that the Parole Board was under no obligation to grant petitioner a hearing prior to its action of November 20th, 1951, reopening petitioner's case and denying his application for parole.

An appropriate order will be entered in this case denying and dismissing the petition for writ of habeas corpus filed herein.