Gerald Joseph **KOPTIK**, Appellant,

v.

Richard A. **CHAPPELL**, Chairman, United States Board of Parole, Appellee.

No. 17702.

United States Court of Appeals District of Columbia Circuit.

Submitted June 17, 1963.

Decided July 3, 1963.

ant's motion for summary judgment and dismissing appellant-plaintiff's complaint for declaratory judgment.

Appellant was convicted in the Northern District of Indiana on May 1, 1961, for the offense of transportation of forged Government securities in interstate commerce. By amendment, his sentence was modified the same month to provide that he could become eligible for parole at such time as the Parole Board might determine. On June 20, 1962, an order was entered granting parole effective September 10, 1962. The order recited that the Board had "now carefully examined all the information and evidence at its disposal in relation to this applicant." The record shows that prior to the time this order was entered it was unknown to the Parole Board that appellant had been involved in a disciplinary proceeding at the institution in which he was confined, which had resulted in "two weeks restriction from viewing television and going to the yard." On July 2, 1962, the Parole Board entered an order reopening and denying the application for parole. At this time the appellant was still in the institution and had not been released.

The disciplinary action was based on charges that appellant had been paid the sum of $200 by the wife of an inmate of the institution as compensation for drafting a legal document for the inmate, and that appellant, "a former attorney," was practicing law on the premises of the institution and was in violation of a rule of the Bureau of Prisons and the penitentiary where he was confined, by rendering legal assistance to other inmates of the institution; and further, that he had used a typewriter without permission to do so.

Although appellant claims that the charges against him are untrue, it is true that he did receive disciplinary punishment for violation of the regulations. We do not think we can go back of the fact that the matter was considered by the prison authorities and that it was not known by the Parole Board at the time the parole application was granted.

Appellant filed a brief, pro se, and his case was treated as submitted thereon.

Asst. Atty. Gen. Burke Marshall, Messrs. David C. Acheson, U. S. Atty., and Harold H. Greene, Atty., Dept. of Justice, submitted on the brief for appellee.

Before BAZELON, Chief Judge, and WILBUR K. MILLER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal from an order of the District Court granting appellee-defend-

We have heretofore, most recently in Hyser v. Reed, 115 U.S.App.D.C. ——, 318 F.2d 225, decided April 11, 1963, laid down certain ground rules governing the steps necessary to be taken by prison authorities in connection with the retaking of a parolee and revocation of parole. This, however, is not such a case.

We have also held that the Parole Board's discretion in granting parole is not subject to judicial review. Story v. Rives, 68 App.D.C. 325, 329, 97 F.2d 182, 186 (1938), cert. denied, 305 U.S. 595, 59 S.Ct. 71, 83 L.Ed. 377. Title 18 U.S.C. § 4203(a) provides, in pertinent part:

> "If it appears to the Board of Parole from a report by the proper institutional officers or upon application by a prisoner eligible for release on parole, that there is a reasonable probability that such prisoner will live and remain at liberty without violating the laws, and if in the opinion of the Board such release is not incompatible with the welfare of society, the Board may in its discretion authorize the release of such prisoner on parole."

Further, Rule 2.20 of the Rules of the United States Board of Parole, 28 C.F.R. § 2.20 (1963), provides:

> "*Release; discretionary power of Board.*—When an effective date has been set by the Board, release on that date shall be *conditioned upon continued good conduct* by the prisoner and the completion of a satisfactory plan for his supervision. The Board may, on its own motion, *reconsider any case prior to release and may reopen and advance, postpone, or deny a parole which has been granted.* The Board may add to or modify the condition of parole at any time." [Emphasis supplied.]

A parole board's rescission of its prior resolution granting a prisoner a parole before the parole becomes effective has been held not to be void, even in a case where the prisoner was not given notice of the intended rescission or accorded a hearing thereon. Ex parte Allen, 27 Cal. App.2d 447, 81 P.2d 168 (1938). It has been contended that the prisoner is on parole from the time the original resolution is passed, and that an order of rescission takes from him a vested right without due process of law. This contention has been rejected in the following cases: In re Green, 27 Cal.App.2d 450, 81 P.2d 247 (1938); United States ex rel. Lashbrook v. Sullivan, 55 F.Supp. 548 (E.D. Ill.1944); United States ex rel. Mitchell v. Shuttleworth, 106 F.Supp. 1013 (N.D. Fla.1952); State ex rel. Newman v. Lowery, Ohio App., 104 N.E.2d 590 (App. 1951), aff'd, 157 Ohio St. 463, 105 N.E. 2d 643, cert. denied, 344 U.S. 881, 73 S. Ct. 176, 97 L.Ed. 682 (1952). We have been cited no case, and have found none, where a different conclusion has been reached.

Mitchell v. Shuttleworth, supra, is precisely in point. There the court held that Title 18 U.S.C. § 4207 [1] is applicable only in cases where parole has been granted and the parolee actually released under the terms and conditions imposed upon him at the time of his release; that up until the time of release, the Parole Board may take any action it considers appropriate with reference to the granting or denying of parole to a prisoner; and that the Parole Board is under no obligation to grant a hearing prior to reopening the prisoner's case and denying his application for parole.

> "The Board may then, or at any time in its discretion, revoke the order of parole and terminate such parole or modify the terms and conditions thereof.
>
> "If such order of parole shall be revoked and the parole so terminated, the said prisoner may be required to serve all or any part of the remainder of the term for which he was sentenced."

---

1. 18 U.S.C. § 4207. *Revocation upon retaking parolee.*

"A prisoner retaken upon a warrant issued by the Board of Parole, shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board.

Lashbrook v. Sullivan, supra, involved an application for writ of habeas corpus to the federal court after the state court had held that it would not inquire into the revocation of the original order of parole where the prisoner had not been released. There the court said:

"We are confronted merely with the question of whether the state administrative body, endowed by statute with discretion to determine whether a parole should be granted, may, after having once acted favorably, thereafter revoke the earlier order and deny parole. In the performance of their duties, such administrative officers are called upon to exercise judgment and discretion, to investigate, deliberate and decide. * * * The court's jurisdiction and duties ended when the judgment was entered; thereafter the execution of the sentence was within the sole authority of the executive department of the state. The manner of executing the sentence and extension or mitigation of punishment are fixed by the legislative department and what it has determined must be put in force and effect by the administrative or executive officers in whom the power is lodged. * * * The administration of the parole law is the exercise, through the administrative department, of the state's power to keep safely, supervise and discipline its prisoners. Such powers are not judicial but are matters of 'prison discipline.'" 55 F.Supp. at 550.

The state decisions above cited are based on statutes other than the sections of the United States Code relating to parole. The several state statutes involved, however, are similar, to a great and material extent, to those provisions of the United States Code and recognize the difference between the authority of the Parole Board to deny parole after it has been granted and the prisoner has not been released, and the retaking of a prisoner after the parole has become effective and he has been released from prison. The following quotations from two of the cases above referred to illustrate the thinking of those courts and their recognition of the distinction:

Ex parte Allen, 81 P.2d 168, 169:[2] "It is obvious that if the prisoner is still within the confines of the prison no order to 'retake and imprison' him would be necessary. It is equally obvious that if the conduct of the prisoner while in the prison does not justify his release on parole, no statutory or constitutional right demands a notice and hearing before the board can set aside or rescind its action granting a parole. Such determinations as we have here are disciplinary in nature. They hold out to the prisoner the chance of parole unless his conduct in the meantime is such as to require further confinement. They are in harmony with the practice which has been followed by the prison authorities for a long period of years. Since this practice is a matter of common knowledge, it is fair to assume that the legislature has had it in mind during the frequent amendments to the code section, and that it was the legislative intent to permit the board to agree upon a parole to be effective at a future day, conditional upon the conduct of the prisoner in the interim, and subject to the conditions and circumstances existing at the expiration of that period. Such action by the board is, like any similar administrative determination, subject to rescission or modification at the will of the board and is not restricted by the rules of due process, notice, and hearing which apply to and limit the deprivation of a vested right arising out of the prior action of an administrative body."

2. In our opinion it makes no difference that the action in the case before us was taken due to a situation unknown to the Parole Board at the time its order was entered, rather than to a situation arising after the order was entered.

In State ex rel. Newman v. Lowery, supra, the court held that where the Parole Commission entered an order granting petitioner a parole at a future date it was within its discretionary power to enter an order of rescission which became effective prior to the actual release of the prisoner. The petitioner urged that the action rescinding parole was unauthorized, a denial of due process and an abuse of discretion on the part of the Commission. The court said:

"We are not impressed with the constitutional question urged nor the invalidity of the order because not authorized." 104 N.E.2d at 591.

The court further held:

"The presumption of legality and regularity of the official acts of the Commission in the performance of its duties must be indulged, 17 O. Jur. 129, and thus, unless it had no power to make the second order, it must be presumed that it was validly made. The controlling statute is not specific as to the authority of the Commission to rescind the order formerly made and we must resort to a reasonable construction of its meaning. It is recognized that courts have the power during term, even on their own motion, to set aside and vacate an order theretofore made. By analogy, it would appear that when the Commission has made an order granting a parole effective at a future date, it would have in its broad discretionary power the right to enter an order of rescission provided that it become effective prior to the actual release of the prisoner." Id. 104 N.E.2d at 592.

Accordingly, the court denied the writ applied for.

■ It is not necessary that we consider the question of animus or arbitrariness on the part of the Parole Board. However, the fact is that the record in this case shows no animus or arbitrariness on the part of the Parole Board.

The disciplinary action had not been called to the attention of the Board at the original hearing; and we think that, when that action was called to its attention, the Board had the right to reconsider its original decision.

■ We do not mean to indicate that, if the matter of the disciplinary action had been called to the attention of the Board, it would have been subject to our scrutiny. We hold that until the prisoner is actually released, the Board has the power to "reopen and advance, postpone or deny a parole which has been granted."

Appellant describes himself as a "former lawyer," and certainly his pleadings and briefs indicate that he has had legal training. He seeks, as many petitioners do, to have the courts delve deeply into the affairs of the executive and legislative departments, which, after all, are coordinate branches of the Government. Perhaps this is as good a time as any to emphasize the following quotation from "The Nature of the Judicial Process," by the late Mr. Justice Cardozo:

"There, in the final precept, is the gist of the difference between 'le phenomene Magnaud,' and justice according to law. The judge, even when he is free, is still not wholly free. He is not to innovate at pleasure. He is not a knight-errant, roaming at will in pursuit of his own ideal of beauty or of goodness. He is to draw his inspiration from consecrated principles. He is not to yield to spasmodic sentiment, to vague and unregulated benevolence. He is to exercise a discretion informed by tradition, methodized by analogy, disciplined by system, and subordinated to 'the primordial necessity of order in the social life.' Wide enough in all conscience is the field of discretion that remains."

We add that we think we certainly should not tinker with the action of the Parole Board in granting or denying

parole where the prisoner is still in the penal institution.

Affirmed.

BAZELON, Chief Judge, concurs in the result only.