**UNITED STATES of America ex rel. Edward FELDER, Jr.**

**v.**

**UNITED STATES BOARD OF PAROLE.**

**Civ. No. 13096.**

United States District Court
D. Connecticut.

Dec. 17, 1969.

Lloyd Cutsumpas, Cutsumpas, Collins & Hannafin, Danbury, Conn., for plaintiff.

Steward Jones, U. S. Atty., Leslie Byelas, Asst. U. S. Atty., New Haven, Conn., for defendant.

ZAMPANO, District Judge.

### MEMORANDUM OF DECISION

The issue presented in this case is whether a "parole grantee," i. e., a federal prisoner whose date of parole has been set but who has not been actually released on parole, is entitled to notice and a hearing if the parole grant is rescinded after he has been transferred from prison to a Community Treatment Center.

The petitioner, Edward Felder, Jr., presently incarcerated in the Federal Correctional Institution in Danbury, Connecticut, was sentenced under the Youth Corrections Act on May 25, 1965. After being paroled in 1966 from the Federal Reformatory at Chillicothe, he was taken into custody in 1967 on a parole violator's warrant, and his parole thereafter was revoked by the Youth Correction Division of the Board of Parole. Felder then was incarcerated in the Danbury federal prison where, on December 10, 1968, the Division granted his a reparole, to become effective on March 10, 1969. In order to assist him in this second reentry into the community, Felder was transferred from the prison on January 22, 1969, to the Federal Community Treatment Center in New York City. It was anticipated that on the effective date of his parole he would be released from the Center for supervision by a parole officer in the community.

However, during his brief stay at the Center—January 22, 1969 to February 7, 1969—Felder's conduct was not satisfactory. On several occasions he was late reporting in and out of the Center, his employment record was poor, and on February 6th, he was AWOL for 24 hours. Finally on February 7th, he was placed in custody and removed to a federal detention facility in New York City. On February 23rd, the Youth Division, acting on a report submitted by the Director of the Center, reopened and rescinded Felder's parole. He is eligible for reparole in February, 1970.

Felder now seeks habeas release on the ground the Division's rescission was void because he was not given notice of the intended cancellation or accorded a hearing as required by the Youth Corrections Act, 18 U.S.C. § 5020. That section provides in relevant part that a youthful offender who is retaken into custody after his release on parole (and before his unconditional discharge) "shall be given an opportunity to appear before the Division or a member thereof." An adult parole violator has a similar right to a hearing before the Board of Parole. 18 U.S.C. § 4207; United States ex rel. Obler v. Kenton, 262 F.Supp. 205 (D. Conn.1967).

In Koptik v. Chappell, 116 U.S.App. D.C. 122, 321 F.2d 388, 392 (1963), the court held that the Board of Parole, without notice or hearing, had the power to "reopen and advance, postpone or deny a parole" which had been granted to an adult prisoner who had not yet been released from prison. The requirements of § 4207 were ruled inapplicable to the situation where the parole date was rescinded by the Board prior to the inmate's release from prison. See also United States ex rel. Mitchell v. Shuttleworth, 106 F.Supp. 1013 (N.D.Fla.1952).

The principles established in *Koptik* and *Mitchell* control the disposition in the instant case.

The fact that Felder had been transferred to the Treatment Center from prison before rescission does not change the result. The recently established Community Treatment Center is a modification of the Pre-Release Guidance Center and is commonly referred to as a "Halfway House." The Center provides a programmed and supervised transition to community living for an offender who is selected to reside there for a period of time prior to the effective date of his parole. It is a commendable correctional tool (supplementing the highly successful work release and furlough programs) which enables the inmate to have access to the community's resources for assistance in organizing an acceptable and lawful way of life after his release. These resources include job opportunities, educational programs, clinical and professional services, and general public acceptance.

When Felder was transferred to the Center in January, 1969, he was still under sentence of imprisonment and in technical custody. If he had absconded during his stay, it would have been regarded in law as an escape, subject to penalty under 18 U.S.C. § 751. Therefore, Felder was not a "released" or "paroled" offender in February, 1969, as he claims, but rather he was in the status of a committed offender who merely had been transferred to another federal facility prior to the effective date of his release or parole.

Accordingly, the application for a writ of habeas corpus is denied.[1]

---

1. The Court is at a loss to understand why the Board of Parole refuses, as a matter of administrative practice, to grant a hearing to "parole grantee" whose parole date has been rescinded. The benefits to the alleged violator are evident, see United States ex rel. Obler v. Kenton, 262 F.Supp. 205 (D.Conn. 1967), and at the same time the Board could learn why one of its most progressive correctional tools failed in a particular case. (At the hearing before this Court, a representative of the Board stated that the administrative burden would be great; however, research discloses that only three inmates at residential centers were returned to prison as violators in each of the years, 1967 and 1968.)