[Crim. No. 2020.  First Appellate District, Division Two.—July 6, 1938.]

In the Matter of the Application of HARMON B. GREEN for a Writ of Habeas Corpus.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Appellant.

Harmon B. Green, *in pro. per.*, for Respondent.

Leo Friedman, as *Amicus Curiae,* on Behalf of Respondent.

NOURSE, P. J.—This is an appeal by the state from an order of the superior court releasing a prisoner on hearing upon a writ of *habeas corpus.*

On August 12, 1936, the petitioner was received at San Quentin prison upon commitment on twelve separate counts of grand theft, sentences for which ran concurrently. On August 10, 1937, the board of prison terms and paroles fixed his term at five years. At the same time the board caused to be entered in its minutes a resolution allowing the prisoner to go on parole during the last two and one-half years of his term "unless the said Board shall hereafter otherwise determine". The clerk of the board gave written notice to the prisoner of this action, but omitted the clause just quoted. Thereafter, and before the prisoner was released from the prison, the board rescinded its resolution, and he is still confined in that institution.

Relying upon the notice given him by the clerk, he now argues that he is illegally restrained of his liberty—that the board's power was limited by section 1168 of the Penal Code to a "revocation" of his parole, and that this could be done only after notice and hearing, and that the cause thereof should be stated in the order. The contentions of petitioner are not sound, and the order of discharge must be reversed.

The action of the board is to be determined by the minutes of the proceedings and not by the notice which the clerk gave to the prisoner. The minutes are conceded to be a correct statement of what occurred at the meeting. That determination cannot be affected by any action of the clerk in his communications with the prisoner. The statute does not require such notice, and the prisoner may not predicate any legal right to release upon this error, or omission, of the clerk. Thus the board expressly reserved the right to rescind

its resolution and, because of this rescission, no parole is in effect, and the prisoner is legally retained in custody.

All other points argued by the respondent are covered in the opinion filed this day in *In re Allen (ante,* p. 447 [81 Pac. (2d) 168]), and the reasons there given are controlling here.

The order is reversed, and the petitioner is remanded to the custody of the warden.

Sturtevant, J., and Spence, J., concurred.