504 P.2d 631

George WILLIAMS, Petitioner-Appellant,

v.

NEW MEXICO DEPARTMENT OF COR-
RECTIONS et al., Respond-
ents-Appellees.

No. 9468.

Supreme Court of New Mexico.

Dec. 22, 1972.

Peter B. Shoenfeld, Santa Fe, for peti-
tioner-appellant.

David L. Norvell, Atty. Gen., Thomas A.
Donnelly, Sp. Asst. Atty. Gen., Santa Fe,
for respondents-appellees.

OPINION

MONTOYA, Justice.

This is an appeal from an order of the
District Court of Santa Fe County quash-
ing an alternative writ of mandamus filed
by petitioner, an inmate of the New Mexico
State Penitentiary. We are here called up-
on to determine if petitioner was, as a mat-
ter of law, entitled to a parole revocation

hearing when his parole was revoked subsequent to being granted a parole, but prior to being released from the prison facility.

The record reveals that petitioner was granted a parole "pending an approved parole plan," on April 15, 1971. However, before any parole plan could be approved, the Parole Board met and considered a disciplinary report filed against the petitioner. Having considered the disciplinary report, the Board voted to cancel petitioner's "pending" parole.

In the trial court, petitioner argued that § 41–17–28(C), N.M.S.A., 1953 Comp., requires that there be a parole revocation hearing prior to any order revoking an inmate's parole. That statute provides:

"C. Upon arrest and detention, the board shall cause the prisoner to be promptly brought before it for a parole revocation hearing on the parole violation charged, under rules and regulations the board may adopt. If violation is established, the board may continue or revoke the parole or enter any other order as it sees fit."

Having considered the aforementioned facts, the trial judge entered his finding to the effect that:

"The Court finds that Petitioner's release on parole was not finalized and so Petitioner was not entitled to a hearing when his conditional release on parole was cancelled."

Since the issues presented to this court spring from an order quashing the alternative writ of mandamus:

" * * * [W]e must determine if mandamus is available under the facts. It is a general rule long recognized by us that mandamus will generally not lie to control the discretion or judgment of a public officer. Ross v. State Racing Commission, 64 N.M. 478, 330 P.2d 701 (1958) ; * * *.

" * * * [T]he question here is whether respondent, in the exercise of its discretion, has in any way departed from the statutory limitations placed thereon by the legislature. That mandamus may be employed to require the Board to act legally, or to abide by the law, without specifying what it should do within the limitations provided in the statute, would seem to accord with the rule. [Citing cases.] * * *."

Conston v. New Mexico State Board of Probation and Parole, 79 N.M. 385, 444 P. 2d 296 (1968).

■ While revocation of parole rests in the sound discretion of the Board, we perceive that mandamus is available to petitioner to assure that the Board, in its orders revoking parole, complies with any applicable statutory provisions.

■■ In affirming the decision of the trial court, we hold that § 41–17–28(C), supra, has no application to the facts presented in this appeal. The necessary steps to complete petitioner's release on parole had not been accomplished. It follows that the Parole Board's action in revoking a "pending" parole was within the discretion of the Board.

Section 41–17–28(C), supra, regarding a parole revocation hearing, relates to the statutory procedures to be followed when an inmate released on parole is charged with violating any of the conditions of release. Section 41–17–28, N.M.S.A., 1953 Comp., is entitled "Return of parole violator." The definition of "parole," as specified in § 41–17–14(B), N.M.S.A., 1953 Comp.:

" * * * means the *release to the community* of an inmate of an institution by decision of the board prior to the expiration of his term, subject to conditions imposed by the board and to its supervision;" (Emphasis added.)

Furthermore, § 41–17–28(A), N.M.S.A., 1953 Comp., indicates that:

"At any time *during release on parole* the board or the director may issue a warrant for the arrest of the *released prisoner* for violation of any of the con-

*ditions of release, * * *.* The warrant shall authorize the superintendent of the institution *from which the prisoner was released to return the prisoner to the actual custody of the institution * * *."* (Emphasis added.)

It is upon the culmination of the process outlined above, as well as the other applicable provisions of § 41–17–28, supra, that the required parole revocation hearing is to be afforded. To require a hearing subsequent to the granting of a parole, which is contingent upon approval of a parole "plan" and the various other steps necessary for release but prior to actual release, is not within the meaning of § 41–17–28, supra. To give the statute any other construction would be to destroy the object sought to be accomplished by the legislature.

█ Approving a parole plan consists of spelling out the terms and conditions of the parole. If the return of a parole violator is predicated upon "violation of any of the conditions of release," § 41–17–28, supra, it is clear that an approved parole plan which spells out the terms and conditions of release is a vital and necessary step to any release. In addition, it is a well-established rule that there must be an acceptance of the terms and conditions of the parole agreement, which must be signed by the convict before the said parole becomes legally effective to secure his release from the institution. See 59 Am.Jur.2d, Pardon and Parole, § 86. Petitioner's claim, that there should be a hearing pursuant to § 41–17–28(C), supra, on the parole violation charged, ignores the clear indication of § 41–17–28, supra, that such violation refers to a "violation of any of the conditions of release," all of which were pending approval and none of which in fact had ever been presented to the Board.

█ A case almost identical on the factual situation is Koptik v. Chappell, 116 U.S.App.D.C. 122, 321 F.2d 388 (1963). There the trial judge granted a summary judgment in a declaratory judgment action, wherein the prisoner was seeking to have the court review the action of the Parole Board which had granted parole and, before his release, reconsidered its action by reopening and denying the prisoner's application for parole. In the Koptik case, a disciplinary report on the prisoner prompted the Parole Board to reopen the case and deny the parole. The only distinguishing feature in the Koptik case from the one before us is that the disciplinary report had been made prior to the Parole Board's initial action in first granting the parole, but not called to the Board's attention; whereas, in the instant case, the disciplinary report was made as a result of an incident occurring after the parole was granted. The same issue is, however, present in both cases as to whether the prisoner is entitled to a hearing after the parole has been granted and is subsequently revoked prior to his release from confinement. The Koptik case disposes of the issue in the following language, which we approve and adopt:

"A parole board's rescission of its prior resolution granting a prisoner a parole before the parole becomes effective has been held not to be void, even in a case where the prisoner was not given notice of the intended rescission or accorded a hearing thereon. Ex parte Allen, 27 Cal.App.2d 447, 81 P.2d 168 (1938). It has been contended that the prisoner is on parole from the time the original resolution is passed, and that an order of rescission takes from him a vested right without due process of law. This contention has been rejected in the following cases: In re Green, 27 Cal. App.2d 450, 81 P.2d 247 (1938); United States ex rel. Lashbrook v. Sullivan, 55 F.Supp. 548 (E.D.Ill.1944); United States ex rel. Mitchell v. Shuttleworth, 106 F.Supp. 1013 (N.D.Fla.1952); State ex rel. Newman v. Lowery, Ohio App., 104 N.E.2d 590 (App.1951), aff'd, 157 Ohio St. 463, 105 N.E.2d 643, cert. denied, 344 U.S. 881, 73 S.Ct. 176, 97 L.Ed.

682 (1952). We have been cited no case, and have found none, where a different conclusion has been reached."

Finally, in the Koptik case the court said:

"* * *. We hold that until the prisoner is actually released, the Board has the power to 'reopen and advance, postpone or deny a parole which has been granted.'"

A review of the record convinces us that there was sufficient evidence upon which the trial court could have predicated its general finding contained in the order quashing the alternative writ of mandamus. This court will not question the findings of a trial court if they are supported by substantial evidence. See Yates v. Ferguson, 81 N.M. 613, 471 P.2d 183 (1970); Rutledge v. Johnson, 81 N.M. 217, 465 P.2d 274 (1970); Cave v. Cave, 81 N.M. 797, 474 P.2d 480 (1970).

Petitioner further argues that the trial court erred in refusing to adopt eleven separate findings of fact submitted by petitioner, as they are supported by the evidence. The consistent position of this court has been that it is not enough to show that evidence would have supported contrary requested findings. This court has stated many times that it does not weigh conflicting evidence or the credibility of witnesses. Findings supported by substantial evidence will not be disturbed. Forrest Currell Lumber Company v. Thomas, 81 N.M. 161, 464 P.2d 891 (1970).

The findings of the trial court are supported by substantial evidence and there was no error in refusing to adopt findings of fact which conflicted with the findings of the trial court.

The decision of the trial court is affirmed.

It is so ordered.

McMANUS and STEPHENSON, JJ., concur.