303 So.2d 397 (1974)
Robert Thomas WHISNANT et al., Appellants,
v.
STATE of Florida, Appellee.
No. 74-526.
District Court of Appeal of Florida, Third District.
November 19, 1974.
Rehearing Denied December 11, 1974.
Eugene P. Spellman and Denis Dean; Walter E. Gwinn, Miami, for appellants.
Robert L. Shevin, Atty. Gen., and J. Robert Olian, Asst. Atty. Gen., for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The appellants each plead nolo contendere to charges arising out of an alleged illegal gambling and lottery operation and were separately sentenced.
Prior to their pleas appellants filed a motion to suppress evidence consisting of property seized by the police pursuant to a search warrant.
The search warrant was obtained on October 13, 1973 and executed that evening, leading to the arrest of all the appellants. The warrant authorized a search of a residence at 755 N.E. 143rd Street, North *398 Miami, Florida for gambling paraphernalia located within the premises.
When the police arrived at the scene to execute the warrant, one of the officers who co-signed the affidavit requesting issuance of the warrant testified at the hearing on the motion to suppress that he "knocked very loudly three times on the front door of the house with my fist, and in a very loud tone of voice, almost a shouting voice, said, `Police, with a search warrant for lottery. Open your door immediately or it will be forced in.'"
Thereafter, the record reveals the following testimony by the officer:
"Q. [Mr. Dean] And, what happened, if anything, after you pounded and made your announcement?
"A. Well, approximately ten seconds went by, and I heard noises from within the house, noises sounding like someone running across the floor, furniture being pushed aside, or moved. Approximately 20 seconds after that, I decided no one had responded and since I heard the movement inside, I told Officer Jennings to use his sledgehammer and force in the front door."
On this appeal, the appellants contend that the motion to suppress should have been granted by the trial court for two reasons. First, appellants contend that the police officers failed to comply with Fla. Stat. §§ 901.19(1) and 933.09, F.S.A. in executing the search warrant, thus invalidating the legality of the search and vitiating the fruits of the search. We are constrained to disagree.
The two statutes in question require three things before an officer is authorized to break into a house to execute a search warrant. First, the officer must give due notice of his authority. Second, he must announce his purpose. Third, he must be denied admittance to the house. See, State v. Kelly, Fla. 1974, 287 So.2d 13.
Clearly, the first two requirements were met in this case. It is only the last which appellants contend the officers failed to fulfill.
However, it is also the law that certain well-defined exceptions to the statutes have been judicially recognized. Benefield v. State, Fla. 1964, 160 So.2d 706; State v. Clarke, Fla.App. 1970, 242 So.2d 791; Moreno v. State, Fla.App. 1973, 277 So.2d 81. One of these exceptions is where the police officers are justified in believing that those within the house are attempting to destroy evidence.
In our opinion, the officers in this case could reasonably believe that those within the house were attempting to destroy evidence when after announcing their authority and purpose for being there, an officer testified that shortly thereafter he heard sounds of someone running inside the house and furniture being moved.
Appellants also contend that the search warrant issued in this case was invalid because the facts set forth in the affidavit filed by the police officers did not establish probable cause to believe that gambling violations were being committed within the house which was searched.
We have examined carefully the contents of the 17-page affidavit in the record. We are satisfied that the facts stated therein, based upon the personal observations of the police officers during several days of surveillance, sufficiently "describes activities known to law enforcement officers and to courts as followed by those engaged in lottery operations." See, State v. Smith, Fla. 1970, 233 So.2d 396; Suiero v. State, Fla.App. 1971, 248 So.2d 219.
Therefore, for the reasons stated and upon the authorities cited, the judgments and sentences appealed are affirmed.
Affirmed.