531 P.2d 937

**UNIVERSITY FORD, Plaintiff-Appellee and Cross-Appellee,**

**v.**

**Ray MARLIN et al., Defendants, Third-Party Plaintiffs-Appellees and Cross-Appellants,**

**v.**

**DEMING NATIONAL BANK, Third-Party Defendant-Appellant and Cross-Appellee.**

**No. 9911.**

Supreme Court of New Mexico.

Dec. 20, 1974.

Sherman & Sherman, Benjamin M. Sherman, Deming, for Deming National Bank.

Bivins & Weinbrenner, Neil E. Weinbrenner, Las Cruces, for University Ford.

Sosa & Neumeyer, Glenn B. Neumeyer, Las Cruces, for Ray Marlin and others.

## OPINION

McMANUS, Chief Justice.

University Ford brought suit in the District Court of the Third Judicial District to recover the purchase price of a 1969 Plymouth automobile owned by plaintiff, University Ford, and allegedly sold for thirteen hundred dollars by one Ray Marlin to defendant, Louis Motors. Louis Motors filed a third-party claim against Deming National Bank alleging the bank was negligent in its act of paying its bank money order to Marlin, inasmuch as said money order was payable to the order of Louis Motors, and thus was liable for sums which might be owed to University Ford. At the completion of a trial to the court it was ruled that Louis Motors owed University Ford thirteen hundred dollars for the car and, further, that Deming National Bank was liable to Louis Motors for allowing Marlin to cash the money order. Deming National Bank, third-party defendant, appeals.

Marlin was sued as a party defendant but was not served, and apparently is adrift in some other jurisdiction.

Marlin, in other transactions similar to the one involved herein, had been entrusted with used automobiles from University Ford and given authority to find purchasers for them. When completing a sale he

would deliver the purchase price to University Ford, in turn receiving varying sums of money for his part in the transaction. On the occasion resulting in this lawsuit, in December 1971, Marlin obtained possession of the automobile in question with authority to sell and collect thirteen hundred dollars for University Ford. Marlin then took the car to Bayard, New Mexico, and placed it on the lot of Louis Motors after the latter company's owner, Louis Villines, declined to purchase it. While the automobile was on this lot an interested purchaser made financial arrangements with Deming National Bank to purchase the car. The bank then called Louis Motors and advised that upon receipt of proper documents showing title in the purchaser, the bank would issue a draft in the sum of $1,330.00. Louis Motors informed the bank it would send the document to the bank by someone who would "pick up the money." The person who arrived at the bank was Marlin, who presented a "green slip" showing ownership in the purchaser. Marlin introduced himself and showed identification. The bank then gave him a money order made payable to Louis Motors. Marlin endorsed the money order "Louis Motors by Ray Marlin," cashed it and left the bank. The foregoing events transpired on December 17, 1971. The money was never turned over to University Ford although Marlin was still selling cars from University Ford's lot until approximately January 9, 1972, when he was terminated. Marlin remained in the Las Cruces area until some time in August 1972. During this period University Ford pressed him unsuccessfully for payment of the money.

The appellant bank, as points on appeal, argues as follows:

1. Ray Marlin was the agent of University Ford to sell the cars and collect the proceeds of sale.

2. When Ray Marlin cashed the bank money order he collected the proceeds of the sale as agent for University Ford who thereby received payment for the car.

3. The district court committed error when it held under finding 9 that Ray Marlin was not the agent of University Ford when he collected the proceeds of the sale by cashing the bank money order.

4. That as between Louis Motors and Deming National Bank, Ray Marlin was authorized to cash the bank money order or accept cash for the green slip on the car.

5. The district court committed error in its finding No. 10 that Deming National Bank was negligent in allowing Ray Marlin to cash its money order and in failing to find that Louis Motors was contributorily negligent in not directing the bank how to make payment or who was allowed to receive payment for the car.

Villines, doing business as Louis Motors, alleges that the court erred in not granting summary judgment to him. We cannot agree.

As stated in First National Bank of Santa Fe v. Wood, 86 N.M. 165, 521 P.2d 127, 129 (1974):

"* * * It has been a long-standing rule in this jurisdiction that this court, on appeal, will not weigh the evidence, resolve conflicts therein, or pass on the credibility of the witness, where the evidence substantially supports the findings made by the trial court. * * *"

See also, Tome Land & Improvement Co. v. Silva, 83 N.M. 549, 494 P.2d 962 (1972), and Cave v. Cave, 81 N.M. 797, 474 P.2d 480 (1970).

University Ford entrusted the automobile in question to Marlin who subsequently turned it over to Louis Motors (Villines). From the latter's lot the car was purchased by a third party, with Villines' knowledge that it belonged to University Ford which was entitled to the receipts from the sale.

In sending Marlin to the bank to close the transaction, the record is clear that Villines did not specify who really was entitled to the money. Marlin presented himself to the bank with the "green slip," received the money order made out to Louis Motors and, as previously stated, cashed it and left. The bank was negligent in not deciphering for whom the money was meant and this conclusion is substantiated by the bank's own witness, a Mr. Nabours, who testified: "He did not purport to be from Louis Motors. He purported to be Ray Marlin." This same witness did not know Louis Villines or Ray Marlin and merely assumed he was giving the money to the proper person.

The trial court held:

"That third party defendant was negligent in giving Defendant, Marlin, cash for said check [money order] payable to Louis Motors, and such negligence was the proximate cause of the loss by Defendant, Villines, of the money represented by said check [money order]."

Questions as to the existence of negligence or contributory negligence are generally to be resolved by the trier of fact. Montoya v. Williamson, 79 N.M. 566, 446 P.2d 214 (1968); Lujan v. Reed, 78 N.M. 556, 434 P.2d 378 (1967). Findings of fact made by a trial court will not be disturbed on appeal if supported by substantial evidence. Williams v. New Mexico Department of Corrections, 84 N.M. 421, 504 P.2d 631 (1972).

The points discussed above are dispositive of this appeal; others raised by appellant and cross-appellant need not be discussed. Further, in view of our holdings above, it is unnecessary to rule on University Ford's motion to dismiss the cross appeal of defendant Villines as to University Ford.

The judgment of the trial court is affirmed.

It is so ordered.

OMAN and STEPHENSON, JJ., concur.