540 P.2d 1291

**STATE of New Mexico, Petitioner,**

v.

**Clarence SANCHEZ, Respondent.**

**No. 10559.**

Supreme Court of New Mexico.

Oct. 8, 1975.

Toney Anaya, Atty. Gen., Jay F. Rosenthal, Asst. Atty. Gen., Santa Fe, for petitioner.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Reginald J. Storment, Asst. App. Defender, Santa Fe, for respondent.

OPINION

OMAN, Justice.

The question presented to us for review, which is here upon a writ of certiorari directed to the New Mexico Court of Appeals, is whether the entry into the resi-

dence of defendant, pursuant to a lawful search warrant, violated his constitutional rights against unreasonable searches as guaranteed by article II, § 10 of the Constitution of New Mexico and the fourth amendment to the Constitution of the United States, made applicable to the states by the fourteenth amendment to the Constitution of the United States. *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933 (1961). The police officers who entered and searched defendant's home found and seized heroin. He was charged and convicted of possessing heroin in violation of § 54–11–23, N.M.S.A. 1953 (Repl.Vol. 8, pt. 2, Supp.1973).

The district court refused to suppress the seized heroin as evidence. The Court of Appeals reversed defendant's conviction and granted him a new trial on the ground that the evidence should have been suppressed, because the procedures followed by the officers in entering defendant's home were unlawful. *State v. Sanchez,* (Ct.App.), 88 N.M. 378, 540 P.2d 858, opinion issued June 25, 1975. We reverse the Court of Appeals and remand the cause to that court for such further action as it deems appropriate.

■ As stated in the majority opinion of the Court of Appeals, that court in *State v. Baca,* 87 N.M. 12, 528 P.2d 656 (Ct.App.1974), cert. denied, 87 N.M. 5, 528 P.2d 649 (1974), held "that an officer [armed with a search warrant] prior to forcible entry, must give notice of authority and purpose, and be denied admittance. This is a general standard. Noncompliance with this standard is justified if exigent circumstances exist." An exigent circumstance exists if, prior to entry, officers in good faith believe that the contraband, or other evidence, for which the search is to be made is about to be destroyed.

In the instant case, the officers did knock and did announce that they were police officers, and a few seconds elapsed before they entered through an apparently unlocked door. The State makes no claim that the officers gave notice of their pur-

pose or were denied entrance. At least there was no express denial, and there was no invitation to enter by defendant or other occupant of the house. The State's position is that exigent circumstances justified the entry.

■ The questions of "good faith belief" and "exigent circumstances" are questions of fact for the trial court to determine, and the findings of the trial court in these regards are entitled to be accorded the same weight and given the same consideration as is generally accorded a trial court's findings by appellate courts. See *Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); *Mapp v. Ohio,* supra; *State v. Kenard,* 88 N.M. 107, 537 P.2d 1003 (Ct.App.1975). Substantial evidence is the measure of proof, or the quality and quantity of the evidence, required to support the findings of the trial court. *Williams v. New Mexico Department of Corrections,* 84 N.M. 421, 504 P.2d 631 (1972); *State v. McAfee,* 78 N.M. 108, 428 P.2d 647 (1967); *State v. Kenard,* supra. In determining whether the evidence is substantial in support of the claimed justifiability of the entry, the facts and circumstances of each case must be considered. See *State v. Everitt,* 80 N.M. 41, 450 P.2d 927 (Ct.App. 1969). The exigency of the circumstances, as with the probable cause required to make a search reasonable under the circumstances, depends on practical considerations. *United States v. Romero,* 484 F.2d 1324 (10th Cir. 1973). The circumstances must be evaluated from the point of view of a prudent, cautious and trained police officer. *United States v. McCormick,* 468 F.2d 68 (10th Cir. 1972), cert. denied, 410 U.S. 927, 93 S.Ct. 1361, 35 L.Ed.2d 588 (1973).

Four trained police officers of several years experience made the entry and conducted the search here in question. There is absolutely nothing in the record to suggest they were other than prudent and cautious officers. The exigent circumstances, or the circumstances which the trial court

must have felt made the entry justifiable, which are clearly supported by the evidence adduced at the hearing on the motion to suppress, were:

(1) The officers had probable cause to believe and in good faith did believe that defendant was selling heroin from his home and that there was heroin therein.

(2) They had received information from an informant who had assisted in the investigation leading to the issuance of the warrant and to the search, that defendant kept a weapon in the house and that in executing the warrant the officers would have to move rapidly or defendant would flush the heroin down the toilet.

(3) As above stated, the officers were all experienced and knew from their experience that "normally there is an attempt to get rid of heroin before you [the officers] get into the house."

(4) After knocking on the door and announcing that they were police officers, they could see people moving and hear the sound of voices coming from inside the house. One of these voices was described as yelling or screaming as if someone was calling to another for the purpose of getting attention.

[5] In our judgment, these circumstances justified the officers in entering without waiting to be invited or denied entry. Although the facts are somewhat different in each case, we believe the views expressed in each of the following cases support our position. *United States v. Allende,* 486 F.2d 1351 (9th Cir. 1973); *United States v. West,* 328 F.2d 16 (2nd Cir. 1964); *People v. Arnold,* 527 P.2d 806 (Colo.1974); *Henson v. State,* 236 Md. 518, 204 A.2d 516 (1964); *Commonwealth v. Manduchi,* 203 Pa.Super. 373, 198 A.2d 613 (1964); *Heaton v. Commonwealth,* 215 Va. 137, 207 S.E.2d 829 (1974); *Whisnant v. State,* 303 So.2d 397 (Fla.App.1974).

The decision of the Court of Appeals is reversed and the cause remanded to that court for such further action as it deems appropriate.

It is so ordered.

McMANUS, C. J., and STEPHENSON and MONTOYA, JJ., concur.

SOSA, J., dissents.

SOSA, Justice (dissenting).

I feel that in the instant case the police failed to show the requisite exigent circumstances necessary to enter a house without identifying themselves and announcing their purpose. *State v. Baca,* 87 N.M. 12, 528 P.2d 656 (Ct.App.1974). First, it is my opinion that exigent circumstances can only manifest themselves at the time the officers appear for the search and should be judged by what a reasonable prudent officer sees and hears at that time. Exigent circumstances cannot be alleged in an affidavit by a "reliable informant". Second, after the officers had arrived at the house in the instant case, the circumstances they encountered there fell short of the requisite exigent circumstances necessary to enter that house without identifying themselves and announcing their purpose. Officer Florio testified that Detective Montoya knocked, said "police officers", and immediately forced the door open and entered. Officer Dwyer testified that he did not hear anything specific to cause concern prior to their entry, that Montoya's knock was not even as loud as a polite knock, and that he did not recall anyone making an announcement or identification. Officer Erickson testified that the voices he had heard coming from inside were children's voices and that he did not remember any statements or announcements made by them prior to bursting into the house.

The constitutional right to be free from unreasonable searches and seizures, I feel, were clearly violated in the instant case. Thus, I would concur in the Court of Appeals' opinion in *State v. Sanchez,* 88 N.M. 378, 540 P.2d 858 (1975), and would affirm that decision.