652 P.2d 254

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Eddie B. POOL, Defendant-Appellant.**

**No. 5696.**

Court of Appeals of New Mexico.

Sept. 16, 1982.

John B. Bigelow, Chief Public Defender, William P. Slattery, Asst. Appellate Defender, Public Defender Dept., Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

The defendant appeals his conviction of possession of less than one ounce of marijuana contrary to § 30–31–23, N.M.S.A. 1978 (1980 Repl.Pamph). We affirm.

The sole and decisive issue for our decision is suppression of the evidence.

## FACTS

About midnight on October 4, 1981, Officer Nolen was contacted by the owner/manager of a Eunice hotel and requested to arrest and remove a trespasser. The manager accompanied Nolen. They went to two rooms. There was no answer at the first. When the manager knocked on the second door, defendant opened it, saw it was a police officer and closed the door. Nolen smelled what he believed to be the odor of burning marijuana. So, he opened the door and entered the room. Defendant and the trespasser were inside. Nolen saw an alligator clip he believed was used for smoking marijuana. Burned substance was in the teeth of the clip. The trespasser was arrested for criminal trespassing and defendant was arrested for possession of narcotic paraphernalia. Both were taken to the police station and booked. There the defendant persuaded Officer Nolen to return to his hotel room in order to obtain money for bail. The officer was told where the money was located in the room. Officer Nolen returned to the hotel and was admitted into the defendant's room by the manager. In the process of retrieving this money, the officer observed a small receptacle which he believed contained marijuana and bits of what he believed to be marijuana on the bed. Both the container and the loose material were seized. At trial the State produced testimony verifying that the substances found in the container and on the bed were marijuana.

The defendant was charged by complaint in the Magistrate Court in Eunice, New Mexico with possession of less than one ounce of marijuana contrary to § 30–31–23, *supra.* On December 22, 1981, a court finding of guilty was entered on that charge.

An appeal was taken to the District Court of Lea County.

Trial *de novo* was commenced on March 24, 1982, before the Honorable N. Randolph Reese. At the conclusion of the State's case, the defense moved for the suppression of all items seized following the warrantless entry of the defendant's hotel room. The motion was denied and the defendant's conviction was affirmed.

## SUPPRESSION OF THE EVIDENCE

The court found that the entry into the hotel room on two occasions was lawful and that the seizure by the police of the alligator clip and the marijuana was legal under the "plain sight rule". This gave the court justification for his order denying suppression of the evidence.

■ The defendant challenges his conviction on grounds that it was based on evidence which should have been suppressed. The defendant contends that the police entry into the defendant's hotel room was warrantless, non-consensual and that there existed no exigent circumstances and, therefore, the evidence obtained was unlawfully seized and should not have been admitted. The State argues that as Officer Nolen smelled burning marijuana he had probable cause to believe that either a misdemeanor or a felony was being committed and exigent circumstances existed justifying his immediate entry to prevent the destruction of the evidence. Based on the facts and the argument of both parties we must determine if there is substantial evidence of exigent circumstances justifying the officer's entry into the hotel room without a warrant or consent of the defendant which took place after the police detected the odor of burning marijuana and after the defendant shut the hotel room door upon seeing him. The defendant relies heavily on *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), for his argument that the court committed error in denying suppression of the evidence. We discussed *Payton* in *State v. Chavez,* 98 N.M. 61, 644 P.2d 1050, (Ct.App. 1982).

We conclude that *Payton* is not applicable to the case at bar. *Payton* involved a routine felony arrest, and in the case at bar there are exigent circumstances which differentiates this case from *Payton*.

The Fourth Amendment of the United States Constitution prohibits the police from making a warrantless non-consensual entry to a suspect's home to make a routine felony arrest in the absence of exigent circumstances. *State v. DeVigne,* 96 N.M. 561, 632 P.2d 1199 (Ct.App.1981); *State v. Chavez, supra; Payton v. New York, supra.* Before we proceed, we conclude that the same principles applicable to the authority of police to enter a private home are applicable to entry to hotel rooms as in the case at bar. *See United States v. Anthon,* 648 F.2d 669 (10th Cir. 1981).

*State v. Sanchez,* 88 N.M. 402, 540 P.2d 1291 (1975) provides the guidelines for appellate review of the trial court's ruling in this case and states as follows:

The questions of "good faith belief" and "exigent circumstances" are questions of fact for the trial court to determine, and the findings of the trial court in these regards are entitled to be accorded the same weight and given the same consideration as is generally accorded a trial court's findings by appellate courts. See *Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); *Mapp v. Ohio,* supra [367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081]; *State v. Kenard,* 88 N.M. 107, 537 P.2d 1003 (Ct.App.1975). Substantial evidence is the measure of proof, or the quality and quantity of the evidence, required to support the findings of the trial court. *Williams v. New Mexico Department of Corrections,* 84 N.M. 421, 504 P.2d 631 (1972); *State v. McAfee,* 78 N.M. 108, 428 P.2d 647 (1967); *State v. Kenard,* supra. In determining whether the evidence is substantial in support of the claimed justifiability of the entry, the facts and circumstances of each case must be considered. See *State v. Everitt,* 80 N.M. 41, 450 P.2d 927 (Ct. App.1969). The exigency of the circumstances, as with the probable cause re-

quired to make a search reasonable under the circumstances, depends on practical considerations. *United States v. Romero,* 484 F.2d 1324 (10th Cir. 1973). The circumstances must be evaluated from the point of view of a prudent, cautious and trained police officer. *United States v. McCormick,* 468 F.2d 68 (10th Cir. 1972), cert. denied, 410 U.S. 927, 93 S.Ct. 1361, 35 L.Ed.2d 588 (1973).

*Sanchez* also states that "[a]n exigent circumstance exists if, prior to entry, officers in good faith believe that the contraband, or other evidence, for which the search is to be made is about to be destroyed". *State v. Moore,* 92 N.M. 663, 593 P.2d 760 (Ct.App. 1979), quoted the following from *People v. Ramey,* 16 Cal.3d 263, 127 Cal.Rptr. 629, 545 P.2d 1333 (1976):

'[E]xigent circumstances' means an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, as to forestall the imminent escape of a suspect or destruction of evidence. There is no ready litmus test for determining whether such circumstances exist, and in each case the claim of an extraordinary situation must be measured by the facts known to the officers.

Furthermore, the odor of marijuana is sufficient to establish a probable cause to search. *State v. Sandoval,* 92 N.M. 476, 590 P.2d 175 (Ct.App.1979).

With the above principles of law in mind, we conclude that substantial evidence supports the trial court's determination that exigent circumstances existed at the time of Officer Nolen's entry into the hotel room. The following chain of events explains our position: First, the defendant opened the door and Officer Nolen detected the odor of burning marijuana. Second, Nolen observed that when the defendant realized that the police were at the door, the defendant closed the door in an apparent attempt to prevent Nolen from entering the room. It was at this point that the door was forced open, and the search and seizure was made.

From these facts one can adduce that Officer Nolen could have had a reasonable, good faith belief that the defendant would immediately attempt to dispose of any marijuana he might have in his possession. *See United States v. Rubin,* 474 F.2d 262 (3d Cir. 1973). Due to the size and nature of marijuana, there is a possibility that the marijuana could have been disposed of by flushing it down the toilet. Therefore, based on the evidence and inferences drawn from the facts, and based upon the rules of law which we have cited, we conclude that exigent circumstances existed which justified Officer Nolen's warrantless entry into the hotel room, and his seizure of the alligator clip.

■ Regarding the seizure of the marijuana, we conclude that consent was given by the defendant to the officer to enter the hotel room to obtain money for posting bail. While in the room for this purpose, Officer Nolen obtained the marijuana which was in plain view. *State v. Ruffino,* 94 N.M. 500, 612 P.2d 1311 (1980). We conclude that all evidence obtained, which consisted of the marijuana and the alligator clip, were lawfully seized and the defendant's constitutional rights were not violated.

The court did not err in denying suppression of the evidence. Judgment and sentence of the trial court are affirmed.

IT IS SO ORDERED.

NEAL, J., concurs.

HENDLEY, J., concurs in result only.