835 P.2d 81

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Lyonal Ray ATTAWAY, Defendant–
Appellant.**

No. 12941.

Court of Appeals of New Mexico.

April 9, 1992.

Certiorari Granted May 29, 1992.

Tom Udall, Atty. Gen., Elizabeth Major, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Bruce Rogoff and Amme M. Hogan, Asst. Appellate Defenders, Santa Fe, for defendant-appellant.

## OPINION

APODACA, Judge.

Defendant appeals his convictions for distribution of and possession of methamphetamine. He raises four issues on appeal, whether: (1) the officers impermissibly denied defendant a sufficient amount of time to respond to the announcement of their presence, thereby invalidating the search of his house; (2) the trial court erred in admitting evidence of other incidents involving defendant's drug dealing or use; (3) the trial court erred in allowing a witness to testify that a substance injected into her arm, shown on a videotape, was methamphetamine; and (4) the trial court erred in admitting the videotape into evidence. Not persuaded by defendant's arguments, we affirm with respect to all issues.

### Background

One morning in January 1990, at about 6 a.m., the Clovis Police Department SWAT team went to defendant's residence to serve a search warrant for drugs and weapons suspected to be in the residence. The affidavit supporting the search warrant contained information from a confidential informant that there were numerous weapons in the residence, that defendant was expecting a large shipment of methamphetamine, that defendant was a gun enthusiast, and that defendant "was wanted" in California. The affidavit also contained information that the police had corroborated defendant's possession of weapons because he had recently pawned one of them and had corroborated his criminal record, which included numerous drug and weapons-related charges and a felony conviction in California. The affidavit also stated that no outstanding warrants for defendant's arrest were known at that time.

Officer Atchley knocked on the front door of defendant's house and announced, "Police officer, search warrant." There was a light on inside the house, but no sounds were heard after the knock. After waiting ten to fifteen seconds for a response, the officers forced the door open, set off a diversionary device, and entered. Defendant was arrested in the master bedroom. A sawed-off shotgun and a handgun were found in the bedroom. The officers seized those and other weapons, methamphetamines, photographs, and a videotape from the house. Also present in the house were defendant's wife and a juvenile.

Defendant moved to suppress the items seized in the raid. At the suppression hearing, he did not challenge the validity of the search warrant but argued that the police officers failed to allow defendant adequate time to answer the door before forcibly entering the house. The trial court denied the motion to suppress be-

cause it found the forcible entry was justified by exigent circumstances.

At trial, a witness, Terri Bartley, testified to her past drug dealings with defendant. She also testified that the substance defendant injected into her arm, shown in the seized videotape, was methamphetamine. Defendant objected to the admission of this testimony and to the admission of the videotape. The trial court overruled the objections and admitted the evidence.

*Discussion*

1. *Entry into Defendant's Residence.*

██ Before forcibly entering a residence, officers must give notice of their authority and purpose, and be denied admittance. *State v. Baca,* 87 N.M. 12, 528 P.2d 656 (Ct.App.1974). In *Baca,* this court also stated that noncompliance with this standard was justified if there were exigent circumstances, and that two examples of exigent circumstances were: (1) before entry, the officers in good faith believed they or someone within was in peril of bodily harm, and (2) before entry, the officers in good faith believed the suspect was fleeing or attempting to destroy evidence. *Id.* at 14, 528 P.2d at 658. Additionally, our supreme court has stated:

> The questions of "good faith belief" and "exigent circumstances" are questions of fact for the trial court to determine, and the findings of the trial court in these regards are entitled to be accorded the same weight and given the same consideration as is generally accorded a trial court's findings by appellate courts. Substantial evidence is the measure of proof, or the quality and quantity of the evidence, required to support the findings of the trial court. In determining whether the evidence is substantial in support of the claimed justifiability of the entry, the facts and circumstances of each case must be considered. The exigency of the circumstances, as with the probable cause required to make a search reasonable under the circumstances, depends on practical considerations. The circumstances must be evalu-

ated from the point of view of a prudent, cautious and trained police officer.

*State v. Sanchez,* 88 N.M. 402, 403, 540 P.2d 1291, 1292 (1975) (citations omitted).

Defendant contends that his motion to suppress the items seized in the raid should have been granted because the ten- to fifteen-second delay from the time the officers announced their presence to the time they entered was not a reasonable time for defendant to surrender his privacy voluntarily. The state does not argue that the officers reasonably believed that they had been refused admittance. Instead, it claims that exigent circumstances excused the officers' noncompliance with the knock-and-announce rule. Because we hold that exigent circumstances were present, we need not determine whether, under the facts of this appeal, ten to fifteen seconds was a reasonable time for the officers to determine that they had been refused admittance.

██ The state argues that the trial court's determination (that exigent circumstances were present and that the officers had reasonable cause to believe they would be in danger if they waited) was supported by the facts that the officers had information that there were numerous weapons in the house and that defendant had made threats against police officers. Although the presence of weapons had been confirmed and the information concerning the guns appeared in the affidavit in support of the search warrant, the information regarding the alleged threats did not appear in the affidavit. Nor does a review of the officers' testimony at the suppression hearing indicate when the officers received this information. Thus, it is not clear that this latter fact was known to the officers when the warrant was executed. In determining the validity of a search, we will not consider what was revealed by the search or facts unknown to the officers or considered by them as insignificant at the time of the search. *State v. Zelinske,* 108 N.M. 784, 779 P.2d 971 (Ct.App.1989), *overruled in part by State v. Bedolla,* 111 N.M. 448, 806 P.2d 588 (Ct.App.1991). Therefore, we will

not consider the alleged threats in determining the validity of the search.

■ The appropriate standard of review on appeal of rulings on suppression motions is whether the law was correctly applied to the facts, viewing them in the manner most favorable to the prevailing party. *State v. Boeglin*, 100 N.M. 127, 666 P.2d 1274 (Ct.App.), *rev'd on other grounds*, 100 N.M. 470, 672 P.2d 643 (1983). All reasonable inferences in support of the trial court's decision will be indulged and all inferences or evidence to the contrary will be disregarded. *Id.*

Generally, courts have held that, when police are investigating a usually nonviolent crime, such as a drug-related charge, the mere knowledge that a defendant possessed a weapon is insufficient to excuse compliance with the knock-and-announce requirements. Rather, courts have required the officers to show specific facts indicating that violence would be used against them. *See generally* Annotation, *Sufficiency of Showing of Reasonable Belief of Danger to Officers or Others Excusing Compliance with "Knock and Announce" Requirement—State Criminal Cases*, 17 A.L.R. 4th 301, § 4 (1982).

■ We do not believe that the mere presence of weapons is sufficient to justify a determination by the officers that exigent circumstances exist. In *Sanchez*, our supreme court held that exigent circumstances that excused compliance with *Baca* were present and approved a procedure in which the officers knocked, announced they were police officers, and "a few seconds elapsed before they entered through an apparently unlocked door." 88 N.M. at 403, 540 P.2d at 1292. There was no express denial of entry.

■ Although the likelihood of weapons being present is not sufficient to constitute exigent circumstances in and of itself, it is a factor that may be considered in determining the existence of exigent circumstances. *Sanchez*, 88 N.M. at 404, 540 P.2d at 1293 (probable possession of gun combined with likely destruction of drugs). Indeed, in the context of warrantless

searches, we have specifically recognized that exigent circumstances may be a "situation requiring swift action to prevent imminent danger to life." *State v. Copeland*, 105 N.M. 27, 31, 727 P.2d 1342, 1346 (Ct. App.1986). If the police officers have information indicating not only that a gun is on the premises but also that defendant is likely to use it, exigent circumstances requiring swift action to prevent imminent danger to life exists. *United States v. Nabors*, 901 F.2d 1351 (6th Cir.) (although possession of gun alone insufficient, facts that defendant was suspected of drug trafficking and possessing firearms, and was known to wear bulletproof vest, were enough to find exigent circumstances), *cert. denied*, 498 U.S. 871, 111 S.Ct. 192, 112 L.Ed.2d 154 (1990); *United States v. Spinelli*, 848 F.2d 26 (2d Cir.1988) (defendant's prior weapons conviction sufficient to justify entry without notice); *United States v. Pearson*, 746 F.2d 787 (11th Cir. 1984) (exigent circumstances justifying entry simultaneous to knock where police had information defendant was dealing drugs, had prior felony convictions, and likely had firearms); *United States v. Kane*, 637 F.2d 974 (3d Cir.1981) (entry without notice proper where police had information inhabitants sold drugs, had weapon, and had a propensity to use them); *People v. Dumas*, 9 Cal.3d 871, 109 Cal.Rptr. 304, 512 P.2d 1208 (1973) (defendant habitually answered door armed); *State v. Ford*, 310 Or. 623, 801 P.2d 754 (1990) (entry without notice lawful where there was probable cause to believe defendant had five concealable weapons and an extensive criminal history with substantial evidence of his potentially violent character).

It is in this context that we must evaluate whether the officers were justified in knocking and announcing their presence, and then waiting only ten to fifteen seconds before entering forcibly. In our judgment, the following facts support the trial court's determination that exigent circumstances were present: (1) the officers had probable cause to believe that defendant possessed methamphetamine and was selling it from his home; (2) they had probable cause to believe that defendant had numer-

ous weapons in the house; and (3) because the officers had been informed that defendant was a "gun enthusiast" and had previous convictions, including one for weapons possession, they had reason to believe that he was capable of using the weapons, especially when ten to fifteen seconds had elapsed after the officers knocked on the door.

We believe, given the exigent circumstances described above, entry after such short notice was justified. *United States v. Streeter*, 907 F.2d 781 (8th Cir.1990) (delay of five to ten seconds sufficient where highly flammable and toxic chemicals within caused legitimate fear for officers' safety); *United States v. Gaines*, 726 F.Supp. 1457 (E.D.Pa.1989) (officers justified in waiting only five seconds before entering apartment they had been informed contained cocaine and handguns where occupant was associated with an organization with a reputation for violence), *aff'd*, 902 F.2d 1562 (3d Cir.), *cert. denied*, 498 U.S. 844, 111 S.Ct. 128, 112 L.Ed.2d 96 (1990). We thus conclude that the officers in good faith had reason to believe they would be in peril if they delayed.

### 2. *Evidence of Defendant's Prior Drug Use or Drug Dealing.*

■■■■ Defendant contends that the trial court erred in admitting evidence of other uncharged incidents involving defendant's drug dealing or use. The admission or exclusion of evidence is within the discretion of the trial court and will not be disturbed absent an abuse of that discretion. *State v. Worley*, 100 N.M. 720, 676 P.2d 247 (1984); *State v. Allen*, 91 N.M. 759, 581 P.2d 22 (Ct.App.1978).

■■■■ Initially, we note that defendant apparently acquiesced to admittance of evidence of drug incidents that occurred between early 1989 and September 1989. This acquiescence constituted a waiver of the issue on appeal, and we will not consider any objection to the introduction of evidence relating to these incidents. *See State v. Lopez*, 84 N.M. 805, 508 P.2d 1292 (1973). Our discussion will therefore be limited to incidents involving defendant outside this time frame.

Generally, evidence of other crimes is not admissible to prove a person's character to show that he acted in conformity with that character. SCRA 1986, 11–404(B). Such evidence, however, may be admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* In this appeal, defendant was charged with possession of and distribution of methamphetamine. Both charges require that defendant have knowledge of and control over the methamphetamine. *See* SCRA 1986, 14–3102, –3103; *State v. Bowers*, 87 N.M. 74, 529 P.2d 300 (Ct.App.1974); *State v. Mosier*, 83 N.M. 213, 490 P.2d 471 (Ct.App.1971).

Defendant contends the trial court should have "sanitized" Ms. Bartley's testimony, revealing only that she was familiar with methamphetamine and omitting that her knowledge arose from her past dealings with defendant. We disagree.

■■■ First, the record does not reflect that defendant requested at trial that Ms. Bartley's testimony be "sanitized." From this, we conclude that this contention was not properly preserved. *See State v. Lucero*, 104 N.M. 587, 725 P.2d 266 (Ct.App. 1986) (to preserve an issue for appeal, defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon).

Second, we believe that evidence of Ms. Bartley's previous drug dealings with defendant was relevant to establish her ability to identify the drugs as methamphetamine, *see State v. Rubio*, 110 N.M. 605, 798 P.2d 206 (Ct.App.1990), and to establish knowledge on behalf of defendant. *See State v. Beachum*, 96 N.M. 566, 632 P.2d 1204 (Ct.App.1981) (evidence of other crimes limited to proving a material element of the crime charged); *see also State v. Donaldson*, 100 N.M. 111, 666 P.2d 1258 (Ct.App.1983) (possession of controlled substance may be proved by evidence of the conduct and actions of a defendant and by circumstantial evidence connecting the defendant with the crime).

Defendant denied knowledge of or control over the substance found on the bed-

room desk. Evidence of Ms. Bartley's knowledge that the drug was methamphetamine, based on her past dealings with defendant, necessarily imputed knowledge of and control over the drug to defendant because he injected methamphetamine into Ms. Bartley and sold some to her. Additionally, although an expert testified that the substance found at defendant's house was methamphetamine, there was no chemical analysis of the substance defendant is shown injecting into Ms. Bartley's arm in the video. Thus, Ms. Bartley's testimony was relevant to show defendant's knowledge of the substance used in the video.

We thus hold that evidence of defendant's previous dealings with Ms. Bartley was relevant and properly admitted under Rule 11–404. Additionally, because of the probative value of the testimony, we hold that the trial court did not abuse its discretion in denying defendant's request to exclude the evidence under SCRA 1986, 11–403.

3. *Ms. Bartley's Identification of the Substance and Admission of the Videotape.*

Relying on *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), defendant contends that the trial court erred in allowing Ms. Bartley to identify the substance used in the videotape as methamphetamine. Defendant also contends that it was error to admit the videotape into evidence because, since Ms. Bartley was not qualified to identify the substance used in the videotape, there was no foundation for the tape's admission. For the reasons we discussed previously under issue two, we hold that the trial court did not abuse its discretion in admitting the evidence. Additionally, although defendant objected to Ms. Bartley's testimony identifying the substance used in the videotape, the record reflects that his objection was not based on Ms. Bartley's lack of qualifications as a lay witness to identify the substance. As a result, we hold that defendant may not properly argue on appeal that Ms. Bartley was unqualified to give her opinion with respect to the identity of the substance used in the videotape. *See State v. Duran*, 83 N.M. 700, 496 P.2d 1096 (Ct.App.1972).

In any event, even if the issue of Ms. Bartley's qualification to identify the substance was properly preserved, we would uphold the admission of her testimony. She testified that she had taken methamphetamine as many as a hundred times and was familiar with its appearance, smell, price, method of intake, and effect. We hold that this testimony constituted sufficient evidence of qualification for the witness to give an opinion on the identity of the substance. *See State v. Rubio* (identity of controlled substance may be established by persons having lay experience with drug through prior use).

*Conclusion*

We hold that the police officers did not unlawfully enter defendant's residence; that the trial court did not abuse its discretion in admitting evidence of defendant's past uncharged crimes; that it was not error to allow Ms. Bartley to identify the substance as methamphetamine; and that it was not error to admit the videotape as evidence. We therefore affirm defendant's convictions.

IT IS SO ORDERED.

ALARID, C.J., and BLACK, J., concur.