# PROPOSED MEMORANDUM OPINION

## STATE V. WILLIE JOHNSON, JR., CT.APP.NO. 28,696

Defendant appeals his conviction, pursuant to a conditional plea and disposition agreement **[RP 57, 59, 65]**, for one count of possession of a controlled substance (cocaine), a fourth degree felony. **[RP 64]** Defendant appeals specifically from the denial of his motion to suppress. **[RP 51]** The notice proposed to affirm, and requested that Defendant provide this Court with a copy of the affidavit at issue in a supplemental record proper. In response to the notice, Defendant has filed a motion to supplement the record with a copy of the affidavit, which we grant, and has also filed a timely memorandum in opposition pursuant to a granted motion for extension of time. We remain unpersuaded by Defendant's arguments and therefore affirm.

We note that we have re-designated the issues to be consistent with Defendant's designation of issues in his memorandum in opposition.

**Issue I:** Defendant continues to argue that the district court erred in denying his motion to suppress. **[DS 5-6; MIO 6-11; RP 15, 54]** Defendant's argument is premised on the allegation that the affidavit in support of the search warrant for the residence was inadequate.

When an application for a search warrant is based on an affidavit, the affidavit must contain sufficient facts to enable the issuing magistrate to independently pass judgment on the existence of probable cause. *See State v. Lovato*, 118 N.M. 155, 158,

879 P.2d 787, 790 (Ct. App. 1994). On appeal, we review whether, given a common sense reading, the affidavit supports the issuance of the search warrant. *Id.* We apply a de novo standard of review to a magistrate's determination that an affidavit for a search warrant alleges facts sufficient to constitute probable cause. *See State v. Gonzales*, 2003-NMCA-008, ¶ 13, 133 N.M. 158, 61 P.3d 867.

In relevant part, the search warrant affidavit provides: Officers went to 1001 Jones street to serve a municipal court arrest warrant on Defendant; while serving the warrant on Defendant, an officer smelled the odor of marijuana emanating from the residence; and during a pat-down search of Defendant, an officer noticed a marijuana cigarette behind Defendant's left ear. **[affidavit pg.2]**

We hold that the affidavit's information that the odor of marijuana emanated from the residence **[RP 22]** was more than sufficient to provide probable cause to search the residence. *See State v. Snedeker*, 99 N.M. 286, 290, 657 P.2d 613, 617 (1982) (holding that probable cause exists when there are reasonable grounds to believe an offense has been or is being committed in the place to be searched); *State v. Pool*, 98 N.M. 704, 706, 652 P.2d 254, 256 (1982) (holding that the odor of marijuana is sufficient to establish probable cause to search). We recognize that the affidavit, after setting forth the foregoing information, requests a search of the residence "[g]iven the odor of burnt marijuana emitting from the *vehicle*, and the

2

marijuana joint located on Johnson's person ...." [emphasis added] **[affidavit pg.2]** In this respect, Defendant argues that the affidavit's reference to the vehicle, rather than to the residence, is such that there was a lack of probable cause in the affidavit to search the residence. **[MIO 9]** We disagree, as the magistrate could have reasonably determined that the reference to vehicle was a misnomer, as advocated by the State below. **[MIO 5; RP 50]** Apart from this, the affidavit's earlier statement that marijuana was emanating from the residence provides ample probable cause to search the residence, irrespective of any additional reference to marijuana emanating from the vehicle. Moreover, although Officer Romero testified at the suppression hearing that he did not smell anything from the residence and that the smell was only coming from Defendant **[MIO 5]**, the determinative inquiry is based on information set forth in the affidavit for the search warrant. *See State v. Gonzales*, 2003-NMCA-008, ¶ 17, 133 N.M. 158, 61 P.3d 867 (recognizing that in reviewing the validity of the affidavit for the issuance of the search warrant, we consider only the content of the sworn affidavit submitted to the issuing magistrate judge, and that because the stipulations made at the suppression hearing were not matters before the issuing magistrate, this Court is not bound by them and will conduct its review based solely on the information contained in the affidavit).

Because the odor of marijuana from the residence in and of itself provided probable cause to search the residence, we hold that it is immaterial whether or not the affidavit was adequate to show that Defendant resided at the searched residence. **[DS 5; MIO 6; RP 19]** Even if it was necessary in the affidavit to link Defendant with the residence, however, we would hold that the affidavit was sufficient in this regard. Case law provides that the affiant must have personal knowledge that a suspect resides at the residence, or that the affidavit must establish or permit a reasonable inference that the suspect lives at that location. *See State v. Pargas*, 1997-NMCA-110, ¶ 8, 124 N.M. 249, 948 P.2d 267. Defendant argues that the statement in the affidavit that the "residence is known to be that of Willie Johnson" **[affidavit pg.1; MIO 8]** does not satisfy the personal knowledge requirement. It is not necessary to affirmatively address whether or not this satisfies the personal knowledge requirement because the affidavit nonetheless permits reasonable inferences that Defendant lived at the residence – officers went to the residence to serve Defendant with another warrant and Defendant was present. We hold that common sense dictates that the residence was Defendant's, as officers obviously obtained Defendant's address in order to serve the magistrate warrant and Defendant was present, thereby leading to the inference that it was his residence. Defendant's assertion at the suppression hearing that the residence was in fact his mother's **[MIO 8]** does not impact our analysis of whether

4

the magistrate could have reasonably inferred from information set forth in the affidavit that Defendant resided at the searched premise. *See State v. Gonzales*, 2003-NMCA-008, ¶ 17 (recognizing that in reviewing the validity of the affidavit for the issuance of the search warrant, we consider the content of the sworn affidavit submitted to the issuing magistrate judge, and that this Court is not bound by matters presented at the suppression hearing).

Lastly, we remain unpersuaded by Defendant's assertion that it is necessary for this Court to address whether New Mexico law affords him greater protection than federal law or whether the "good faith" exception applies **[DS 5-6; MIO 10]** because the odor of marijuana emanating from the residence provided ample probable cause for issuance of the warrant.

**Issue II.** Defendant continues to argue that the search warrant should be quashed because it was based on tainted information. **[MIO 10]** In support of his argument, Defendant refers to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). **[MIO 10]** For reasons discussed in conjunction with issue I, we disagree with

5

Defendant's assertion that the search warrant was based on tainted information. For this reason, we hold that there was no basis upon which to quash the warrant.

**Conclusion.** For reasons set forth herein and in the notice, we affirm.

**IT IS SO ORDERED.**

# DISCUSSION

**TO:** **JUDGE FRY**

**FROM:** **LEE ANN MCMURRY MOYA**

**RE:** **STATE V. WILLIE JOHNSON, JR., CT.APP.NO. 28,696**

**DATE:** **FEBRUARY 6, 2009**

I recommend issuance of a memorandum opinion that affirms.

In this case, Defendant was convicted for one count of a controlled substance (cocaine) **[RP 64]**, and appeals specifically from the denial of his motion to suppress. **[RP 51]** The notice proposed to affirm, and Defendant filed a timely memorandum in opposition (MIO) **[yellow clip]** pursuant to a granted motion for extension of time. **[blue clip]** Defendant also filed a motion to supplement the record with a copy of the affidavit at issue **[white clip]**, as requested in our notice.

**Discussion.** I do not have any additional substantive comments apart from what is set forth in the attached draft memorandum opinion. I think that issuance of an opinion is now merited because I think that the notice covers and addresses the MIO arguments.