840 P.2d 1251

STATE of New Mexico,
Plaintiff–Appellee,

v.

Leonard C. WILLIAMS, Defendant–
Appellant.

No. 12796.

Court of Appeals of New Mexico.

Sept. 25, 1992.

Sammy J. Quintana, Chief Public Defender, Hugh W. Dangler, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Tom Udall, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

DONNELLY, Judge.

This case involves the legality of a search and seizure arising from the police entering Defendant's home to execute a search warrant without complying with New Mexico's "knock and announce" rule.

Defendant appeals his conviction of trafficking a controlled substance (heroin), following his entry of a plea of guilty pursuant to a plea and disposition agreement. Under the agreement, Defendant expressly reserved a right to appeal the denial of his motion to suppress. The sole issue presented on appeal is whether the district court erred in refusing to suppress evidence seized by law enforcement officers following a search of his residence. Reversed and remanded.

## FACTS

Acting on information provided by a confidential informant indicating that Defendant was selling narcotics from a residence on Edith Boulevard in southeast Albuquerque, police obtained a search warrant to search the premises. The search warrant issued by the district court authorized a "no-knock" entry into the residence.

The search warrant obtained by police was executed on May 10, 1989, by Albuquerque City Police Officer Mike Garcia, accompanied by other law enforcement personnel. Following entry into the residence and a search of the building, officers found, among other things, seven packets of heroin allegedly belonging to Defendant. Defendant filed a motion to suppress the items seized by the police, alleging that the manner in which the search warrant was executed violated both state and federal constitutional guarantees against unreasonable searches and seizures.

At the hearing on the motion to suppress, the affidavit signed by Officer Garcia in support of the issuance of the search warrant was admitted into evidence. The affidavit set forth facts alleging probable cause for the issuance of the warrant and requested that the court authorize law enforcement officers to make a "no-knock" entry of the residence for the safety of the officers and to avoid the possibility that evidence might be destroyed. Garcia's affidavit also recited that, based upon his experience in investigating drug crimes, he had found that individuals engaged in the sale of controlled substances are usually armed with firearms to protect their drugs and money. The affidavit further stated that "[t]he [confidential] informant that made the controlled heroin purchases [from the residence] advised ... that the drugs would probably be flushed down the toilet if officers announced the warrant." Officer Garcia further testified that he had personally observed the residence for which the warrant was issued for approximately five days, and noticed a lot of people seemed to "hang out" both in the house and in the yard. He testified that, based on his prior experience, it appeared as though these people were "looking out for the police."

Officer Steve Rodriguez also testified at the motion hearing. He stated that the search warrant was executed at approximately 9:00 o'clock in the evening, that the house was surrounded by a six-foot high chain link fence, that the front gate to the yard was open when the officers arrived, and that as the officers entered the front yard they found four persons in the yard. He testified the SWAT team "nullifies" lookouts by attempting to get into the house "quickly" and "quietly." He stated the police identified themselves and announced their purpose to the individuals in front of the house and that the police continued to announce their authority and purpose as they approached the house. He also testified that when they reached the front door of the residence they found it open and they could see people inside the open doorway looking out at them. Rodriguez testified that the front screen door

was closed but unlocked, and that they did not knock and did not request permission to enter but, instead, immediately walked into the front room of the residence with their weapons drawn.

Rodriguez also testified that as he approached the house he had eye contact with several of the persons who were inside the front door. When the police arrived, in addition to the individuals they encountered in the front yard, the police found ten other persons inside the residence. Defendant testified that he was in the kitchen when the officers arrived, that he never heard any announcement by the police that they were executing a search warrant as they entered the house, and that the first time he became aware of the presence of the officers was when he heard his daughter yell, "There's a man with a gun"; and that when he turned around an officer pointed a weapon at him, and hit and kicked him.

## WAS THE SEARCH WARRANT VALIDLY EXECUTED?

■ Defendant argues that the failure of the police to pause and wait to be admitted or denied entry by the occupants of the residence, following the announcement by the officers of their purpose and authority, violates the "knock and announce" rule recognized by this court in *State v. Baca,* 87 N.M. 12, 528 P.2d 656 (Ct.App.1974). In *Baca* this court held that the police, when executing a search warrant, are required "prior to forcible entry, [to] give notice of [their] authority and purpose, and be denied admittance." *Id.* at 13, 528 P.2d at 657.

Justice Oman, writing for the supreme court in *State v. Sanchez,* 88 N.M. 402, 403, 540 P.2d 1291, 1292 (1975), quoted with approval the rule articulated in *Baca,* 87 N.M. at 13–14, 528 P.2d at 657–58 " 'that an officer [armed with a search warrant] prior to forcible entry, must give notice of authority and purpose, and be denied admittance,' " but recognized the exception noted in *Baca* that " '[n]oncompliance with

this standard is justified if exigent circumstances exist.' " *Sanchez* also observed: "An exigent circumstance exists if, prior to entry, officers in good faith believe that the contraband, or other evidence, for which the search is to be made is about to be destroyed." 88 N.M. at 403, 540 P.2d at 1292.

Following the filing of the appeal in the instant case, this court, in *State v. Gutierrez,* 112 N.M. 774, 819 P.2d 1332 (Ct.App. 1991), *cert. granted,* 114 N.M. 501, 841 P.2d 549 (1991), declined to approve a "good-faith" exception to the exclusionary rule, thereby precluding the use of evidence obtained by law enforcement officers in violation of the constitutional protections accorded against unreasonable searches and seizures under Article II, Section 10 of the New Mexico Constitution.

■ Defendant does not challenge the validity of the search warrant or claim that the search conducted by the officers exceeded the scope of the warrant; instead, he argues that the manner of entry by the officers was unlawful. Specifically, he argues that the failure of the police to knock prior to their entry and that the acts of the officers in opening the unlocked screen door and entering into the house, without waiting to be admitted or denied entrance by the residents therein, did not conform with the knock and announce rule and invalidated the subsequent search and seizure. Defendant is correct in pointing out that New Mexico courts adhere to the rule that law enforcement officers, in executing a search warrant, are required to give notice of their authority and purpose and must wait to be admitted or denied permission to enter prior to police entry into the premises sought to be searched. *State v. Sanchez; State v. Baca.*

■ This requirement, however, is subject to specific exceptions. *See State v. Sanchez* (recognizing exception where exigent circumstances are found to exist); *State v. Anaya,* 89 N.M. 302, 551 P.2d 992

(Ct.App.1976) (upholding validity of search and seizure under "exigent circumstances" exception); *State v. Baca* (citing, as examples of exigent circumstances, situations where police prior to entry in good faith believe they or someone within are in peril of bodily harm, person sought to be arrested may flee, or evidence may be destroyed). These rules, then, are not rigid and inflexible. The time interval which police are required to wait depends upon the facts known to the officers at the time of entry.

The State, although conceding that the officers did not wait to be admitted or denied admittance prior to their entry into the house, contends that the warrant was properly executed because the entry of the officers came within the exigent circumstances exception, thus dispelling the necessity that they first be denied permission to enter prior to forcibly going inside the residence.

▮ An entry by police into a private residence for the purpose of executing a search warrant that fails to comply with the "knock and announce" requirement is permitted only where exigent circumstances are found to exist. *State v. Baca; see also State v. Sanchez. See generally* James O. Pearson, Jr., *What Constitutes Compliance With Knock–And–Announce Rule in Search of Private Premises—State Cases,* 70 A.L.R.3d 217 (1976). Whether exigent circumstances existed authorizing a departure from the rule articulated in *Baca* is a fact question which must be determined by the district court under the facts of each particular case at the time entry into the premises is sought to be effected. *Id.*

▮ In determining whether exigent circumstances to justify noncompliance with the rules announced in *Sanchez* existed, the court must determine whether on the facts known to a prudent, cautious, and trained police officer, the officer could reasonably conclude that immediate entry is required to prevent the destruction of evidence, to prevent the escape of a suspect, or to prevent increased danger to the police or to third persons. *See State v. Sanchez; State v. Valdez,* 111 N.M. 438, 806 P.2d 578 (Ct.App.1990); *State v. Baca; cf. State v. Calvillo,* 110 N.M. 114, 792 P.2d 1157 (Ct.App.1990) (recognizing objective test of whether prudent, cautious, experienced police officer would reasonably conclude immediate action is necessary). In *Valdez* this court noted that "[w]e have defined exigent circumstances as 'an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, or to forestall the imminent escape of a suspect or destruction of evidence.' " *Id.* at 441, 806 P.2d at 581 (quoting *State v. Copeland,* 105 N.M. 27, 31, 727 P.2d 1342, 1346 (Ct.App.1986)).

The State points to several facts that it claims constituted "exigent circumstances" justifying the police officers' noncompliance with the "knock and announce" rule. Several of these, such as the confidential informant's claim that if the occupants of the residence were warned, the drugs in the residence would be destroyed, and Officer Garcia's belief that persons who sell drugs are usually armed with a gun, are claims that generally can be made in any situation in which drugs are involved. *See generally* 2 Wayne R. LaFave, *Search and Seizure* § 4.8 (2d ed. 1987). Although such evidence is relevant to the question of whether exigent circumstances existed, the test is whether under the objective test exigent circumstances were shown to exist *at the time of entry* and that the particular defendant presents a danger, may flee, or is destroying evidence. *See, e.g., State v. Anaya* (when previously arrested, the defendant had attempted to destroy drugs in her possession); *State v. Sanchez* (someone inside residence was yelling, apparently to attract someone else's attention and possibly warn of police presence); *cf. State v. Valdez* (mere presence of marijuana plants did not constitute exigent circumstances where there was no evidence the defendant was about to destroy the plants). As recognized by the district court, under the facts of this appeal, there was no evi-

dence of the existence of exigent circumstances when the officers actually entered the residence. Although numerous individuals were present on the premises, there was no evidence at the time of execution of the search warrant indicating that anyone threatened the officers or that they were placed in fear by persons either inside or outside the residence.

Based upon the record before us, we agree with the district court that the State has failed to establish the existence of exigent circumstances justifying noncompliance with the knock and announce rule recognized in *Sanchez* and *Baca*. The district court conducted an evidentiary hearing on Defendant's motion to suppress. Neither the parties nor the district court filed findings of fact or conclusions of law. At the conclusion of the hearings, the court denied the motion and stated in part:

> So, I do not believe that exigent circumstances actually arose. I don't believe the officers executed the search warrant as exigent circumstances arose. I think they executed the search warrant in a valid manner. So, the Motion to Suppress is denied. In the event of a plea, you can specifically reserve this issue for appeal, because it is ... I think a case of first impression. And my feeling is that the actual execution of it was valid.

Despite the district court's determination that the State failed to prove the existence of exigent circumstances permitting a departure from the knock and announce rule, the court, apparently relying upon the authority of the officers to enter the residence under the "no knock search warrant," declined to grant the motion to suppress. When exigent circumstances have not been established, a failure to comply with the knock and announce rule in executing a search warrant invalidates the subsequent search and seizure.

## CONCLUSION

For the reasons discussed above, the order denying suppression of evidence is reversed and the cause is remanded with instructions to vacate Defendant's conviction, and for further proceedings consistent herewith.

IT IS SO ORDERED.

APODACA and BLACK, JJ., concur.