STATE of Wisconsin, Plaintiff-Appellant,

v.

Steven Douglas BERRY and Brent A. King, Defendants-Respondents.

Court of Appeals

*No. 92-0438-CR. Submitted on briefs October 8, 1992.—Decided January 26, 1993.*

(Also reported in 496 N.W.2d 746.)

For the plaintiff-appellant the cause was submitted on the briefs of *James E. Doyle,* attorney general, with *Stephen W. Kleinmaier,* assistant attorney general, of Madison.

For defendants-respondents the cause was submitted on the joint brief of *David M. Kaiser,* of Milwaukee and *Nathaniel D. Rothstein,* of Milwaukee.

Before Wedemeyer, P.J., Sullivan and Schudson, JJ.

SULLIVAN, J.   The State appeals from an order granting the defendant's motion to suppress evidence. The issue presented is whether, during the execution of a search warrant, an officer may enter a dwelling without first knocking and announcing his possession of a search warrant where the officer identified himself as "police" when approximately 25 to 30 feet from the house; the occupant of the house saw the uniformed officers approaching the house; and, the occupant of the house attempted to close the previously open front door in the officer's face. On these facts, the trial court determined that the execution of the search warrant was unreasonable and granted the defendants' motion to exclude the evidence obtained in the search. We reverse.

The following facts were found by the trial court or are undisputed by the parties. A six-member tactical team from the Milwaukee County Sheriff's Department arrived at a Milwaukee residence to execute a search warrant for illegal drugs. Upon their arrival, the officers immediately took into custody a man who was working on a vehicle parked in front of the house, and who had reportedly been going in and out of the house. Because it

was evening, the man was working by the light of a lamp that was attached to an extension cord running from the inside of the house, through an open front door, and out to the vehicle.

As the officers approached the house, the lead officer observed a person looking out the front window. The occupant of the house, later identified as the defendant Steven Berry, had pulled a window curtain aside and made eye contact with the officer, who was wearing a black jacket with sheriff's emblems on each shoulder and also on his cap. The words "Milwaukee County Sheriff's Department" were printed on both the front and back of the jacket. The officer's badge was displayed on the center of his bullet-proof vest and he was equipped with a weapon, belt, and radio. Upon seeing the individual in the window, the officer, now 25 to 30 feet away from the house, yelled "Police" as loudly as possible. As the officer continued moving toward the house, he saw the front door closing. When the officer reached the house, he pulled open a screen door, pushed open the interior door which had not yet completely closed, and immediately entered. The officer observed that it was Steven Berry who had been closing the door. The officers then executed the search of the house.

The defendants moved to suppress the evidence obtained in the search. They asserted that the manner in which the officers executed the search was unreasonable because the officers failed to comply with the requirement that they announce their identity and purpose, and wait to be admitted before entering by force. The trial court granted the defendants' motion and the State appeals from that decision. The State asserts that the failure to comply with the rule of announcement was reasonable under the circumstances.

Article I, sec. 11 of the state constitution and the Fourth Amendment of the United States Constitution require that searches and seizures be conducted in a reasonable manner. *State v. Williams,* 168 Wis. 2d 970, 981, 485 N.W.2d 42, 46 (1992). The rule of announcement is one way that courts seek to ensure that search warrants are executed in a constitutionally reasonable manner. *State v. Cleveland,* 118 Wis. 2d 615, 623, 348 N.W.2d 512, 517 (1984). The rule requires that officers identify themselves, announce their purpose, and allow the occupants an opportunity to voluntarily open the door of the premises to be searched. *Id.* at 622, 348 N.W.2d at 516. The rule serves three purposes: "(1) protecting the individual's privacy in the home; (2) decreasing the potential for violence by alerting the resident that the officer is legitimately on the premises; and (3) preventing the physical destruction of property by giving the resident the opportunity to admit the officer voluntarily." *Id.* at 623, 348 N.W.2d at 517 (footnotes omitted).

Under some circumstances, the manner in which a search warrant is executed may be constitutionally reasonable even if the officers do not rigidly comply with the rule of announcement. *Id.* at 624, 348 N.W.2d at 517. Such circumstances include a reasonable belief that compliance with the rule would be a useless gesture, *State v. Suits,* 73 Wis. 2d 352, 356, 243 N.W.2d 206, 209 (1976), and the existence of exigent circumstances, *Williams,* 168 Wis. 2d at 982, 485 N.W.2d at 46. The State contends that the search is justifiable under both of these exceptions to the rule.

32

Whether the manner of execution of a search warrant is constitutionally reasonable is a question of law that we review independently and without deference to the decision of the trial court. *Williams*, 168 Wis. 2d at 980-81, 485 N.W.2d at 46. "The inquiry on review is whether upon an objective analysis of the circumstances confronting the officers on the execution of the warrant the court can conclude that the no-knock entry was justified and reasonable." *Cleveland*, 118 Wis. 2d at 631, 348 N.W.2d at 520.

The State contends that the manner in which police entered the home was reasonable because rigid compliance with the rule of announcement would have been useless under the circumstances. In *Suits*, 73 Wis. 2d at 355-57, 243 N.W.2d at 208-09, the supreme court recognized that officers need not rigidly comply with the rule of announcement where to do so would be a "useless gesture." In executing the search warrant in *Suits*, officers entered a home through a partially open door without first announcing either their identity or purpose. *Id.* at 355, 243 N.W.2d at 208. The supreme court determined that the officers had reasonably dispensed with the rule of announcement because occupants of the house had seen the officers approaching, and the officers had heard music and voices in the house and concluded that the announcement would not be heard. *Id.* at 356-57, 243 N.W.2d at 209.

Likewise, we determine that rigid compliance with the rule of announcement in this case would have been a useless gesture. Berry had been looking out the window as the officers approached the house and yelled "Police." The officers were dressed in a manner that clearly identified them as law enforcement. After seeing the officers, Berry began to close the door in an obvious attempt to

prohibit the officers from gaining entry. From this action, the officer reasonably believed that to announce that he had a search warrant to wait for admission would have been futile.

To quote the Supreme Court of Alaska, "[i]t stretches belief to suppose that [the suspect] would have immediately stopped pushing on the door if [the officer] had added, after identifying himself as a police officer, that he possessed a search warrant. [The suspect] showed an immediate awareness of the fact that the police were there to demand entry." *See Lockwood v. State*, 591 P.2d 969, 972 (Alaska 1979).[1] The manner in which the officers were dressed and approaching the house while shouting "Police" clearly alerted the occupant that the police were there for the purpose of a "search or arrest, not census-taking." *See United States v. One Parcel of Real Property*, 873 F.2d 7, 9 (1st Cir. 1989), *cert. denied*, 493 U.S. 891 (1989).

Thus, we determine from an objective analysis of the circumstances that the officers executed the search

---

[1] The Supreme Court of Alaska adopts California's "substantial compliance" exception to the rule of announcement. *Lockwood*, 591 P.2d at 972 (citing *People v. Rosales*, 437 P.2d 489 (Cal. 1968)). In *Rosales*, Chief Justice Traynor explained that "identification alone could constitute substantial compliance with [the rule of announcement] only if the surrounding circumstances made the officers' purpose clear to the occupants or showed that a demand for admittance would be futile." 437 P.2d at 491. Although the State seeks to justify the action of the officers through both the substantial compliance and the useless gesture exceptions, we note that the two exceptions appear to be essentially the same. California courts acknowledge that the federal counterpart of "substantial compliance" is termed "useless gesture." *People v. Tacy*, 241 Cal. Rptr. 400, 409 (Cal. Ct. App. 1987).

warrant in a constitutionally reasonable manner. Although the entry did not rigidly comply with the rule of announcement, deviation from the standard procedure was allowable in this case because the officers reasonably believed that further announcement would have been a useless gesture.

Because our holding is dispositive of this appeal, we need not determine whether the execution of the search warrant was reasonable on the basis of exigent circumstances.

*By the Court.*—Order reversed and cause remanded for proceedings consistent with this opinion.