861 P.2d 258

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Sebastian ROGERS, Defendant–
Appellant.**

No. 14314.

Court of Appeals of New Mexico.

Aug. 25, 1993.

**218**

Tom Udall, Atty. Gen., and Joel Jacobsen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender and Christopher Bulman, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

*OPINION*

BLACK, Judge.

Defendant appeals from his conviction for possession of cocaine and his enhanced sentence as a habitual offender. The issues raised on appeal pertain to whether the search warrant was validly issued and executed. Our second calendar notice proposed summary reversal on the ground that the search warrant was not validly executed in that there was not compliance with the knock and announce rule. The State filed a timely memorandum in opposition to proposed summary reversal. The State notes that the facts are fully set forth in the present appellate record; therefore it agrees that this case is properly decided on the summary calendar. Accordingly, the relevant facts taken from the docketing statement and memoranda in opposition are set forth below. *See Talley v. Talley,* 115 N.M. 89, 847 P.2d 323 (Ct. App.1993). Having found the State's memorandum unpersuasive, we reverse.

*FACTS*

Narcotics Agent Pantoja applied for and obtained a search warrant authorizing a search of Room 209 of the Imperial Sky Motel in Las Cruces, New Mexico, for cocaine; paraphernalia used in the packaging, weighing, injecting, or ingesting of cocaine; documents showing the identity of the occupants of the room or related to trafficking in cocaine; and monies identified as proceeds from the sale of cocaine. The search warrant was executed on the same day that it was obtained.

Narcotics Agents Acosta and Lerma accompanied Pantoja to the front desk of the motel and obtained a passkey to Room 209. They did not determine to whom the room was registered or when it had been rented but proceeded to Room 209. Agent Acosta went to the door while Agents Lerma and Pantoja positioned themselves on the sides of the window so as not to be visible to any

occupants in the room. Agents Acosta and Pantoja were dressed in civilian clothes for the express purpose of not being identified as police officers. Agent Acosta knocked on the door a couple of times and got no response. The agents saw the window curtain inside the room move. Agent Acosta then opened the door with the passkey and yelled "police" as he tried to enter the room. The door was chained from the inside, which prevented him from entering. When someone pushed the door shut from the inside, Agent Acosta shoved the door open, breaking the chain. The officers then rushed into the room. The officers did not announce their purpose or their possession of a warrant.

Defendant and another individual were found inside the motel room. Both individuals were ordered to lie on the floor. As Defendant began to comply, a small piece of folded paper, which contained a small amount of cocaine, fell to the floor and was seized. A small crack pipe was found on a nightstand near the bed, a syringe was found under a chair cushion, and another bindle of cocaine was found in the pocket of the leather coat which was in a dresser drawer. These items were seized, along with Defendant's driver's license, a spoon, a newspaper, and pieces cut from the newspaper. Defendant was arrested and charged with possession of cocaine.

Prior to trial, Defendant moved to suppress the evidence seized from the motel room, challenging the sufficiency of the affidavit for search warrant and the manner in which the search warrant was executed. A hearing was held on Defendant's motion. Agents Acosta, Lerma, and Pantoja testified at the hearing. Each stated that their plan was to have Agent Acosta go to the door with the passkey, knock, wait for someone to open the door, and then announce their identity as police officers and their purpose of executing the search warrant.

Agent Lerma testified that he believed that officers did not have to announce their presence and purpose until after someone had opened the door. All three officers testified that Agent Acosta knocked on the door without saying anything, that they saw the curtain move, and that Acosta immediately opened the door with the passkey and tried to enter. They testified that he yelled "police" as he tried to enter, but the door was slammed shut, so Agent Acosta then broke into the room with Agents Lerma and Pantoja right behind him. They testified that the room was then searched and the evidence previously described was seized.

The district court denied the motion to suppress. It ruled that the affidavit was sufficient as a matter of law. It further ruled that the warrant was properly executed because Agent Acosta had knocked on the door prior to breaking into the room and yelled "police" as he tried to enter. The district court entered a written order denying the motion, finding that notice of authority was properly given before the premises were entered and that as a matter of law the affidavit was sufficient to support probable cause to allow issuance of the search warrant.

Defendant raises two issues on appeal: (1) whether the search warrant was validly executed; and (2) whether the affidavit was sufficient to establish probable cause for the issuance of the search warrant. We reverse the district court's ruling that the warrant was validly executed. In light of our reversal based on the first issue, we need not address Defendant's second issue.

### USE OF A PASSKEY IS AN INTRUSION REQUIRING JUSTIFICATION

■ In the present case, Agent Acosta went to the door of Defendant's motel room and knocked on the door several times. He got no response. When the officers saw the window curtain inside the room move, Agent Acosta opened the door with the passkey and yelled "police" as he tried to enter.

■ Law enforcement officers, in executing a search warrant, are required to give notice of their authority and purpose,

and must wait a reasonable time to be admitted or denied permission prior to forced entry. *State v. Williams*, 114 N.M. 485, 487, 840 P.2d 1251, 1253 (Ct.App.1992). The use of a passkey is the legal equivalent of a breaking and entering and requires justification in the absence of notice prior to entry. *See Sabbath v. United States*, 391 U.S. 585, 590, 88 S.Ct. 1755, 1758–59, 20 L.Ed.2d 828 (1968); *Ker v. California*, 374 U.S. 23, 38, 83 S.Ct. 1623, 1632, 10 L.Ed.2d 726 (1963). Agent Acosta's announcement of his authority simultaneously with entry is not sufficient to satisfy the requirement of prior notice and announcement of purpose. *See State v. LaPonsie*, 136 Ariz. 73, 75, 664 P.2d 223, 225 (Ct.App. 1982); *People v. Marinez*, 160 Ill.App.3d 349, 112 Ill.Dec. 193, 196, 513 N.E.2d 607, 610 (1987), *appeal denied*, 118 Ill.2d 548, 117 Ill.Dec. 229, 520 N.E.2d 390 (Ill.1988), *cert. denied*, 488 U.S. 868, 109 S.Ct. 175, 102 L.Ed.2d 144 (1988); *Commonwealth v. Chambers*, 528 Pa. 403, 598 A.2d 539, 540–41 (1991). Accordingly, we hold that Agent Acosta's use of a passkey to attempt to enter Defendant's motel room constituted an unannounced intrusion which required justification.

■ There is no evidence establishing that the occupants of the motel room had reason to know the individual knocking on the door was a police officer attempting to execute a search warrant. Agent Acosta was not in uniform, and he did not identify himself as a police officer or announce his purpose prior to using the passkey. Agent Lerma was wearing a jacket which read "Police" on the back and had a small patch on the front, but after knocking he intentionally positioned himself so as not to be visible to occupants of the room. In light of these facts, it was reasonable for the individuals inside the motel room to peek out of the window, thereby moving the curtain, yet still fail to open the door to an unknown individual not dressed in an iden-

tifiable uniform. *See State v. Ellis*, 21 Wash.App. 123, 584 P.2d 428 (1978). Accordingly, under the above facts, we cannot say the officers were "denied entry" so as to justify the use of the passkey to enter the room prior to announcement of authority and purpose. *See United States v. Rodriguez*, 663 F.Supp. 585 (D.D.C.1987); *cf. People v. Stephens*, 249 Cal.App.2d 113, 57 Cal.Rptr. 66 (1967) (sound of conversation and music inside apartment did not allow officer, without identification, to use passkey in execution of an arrest warrant).

## ABSENCE OF EXIGENT CIRCUMSTANCES

■ Exigent circumstances may also justify noncompliance with the knock and announce rule. *State v. Attaway*, 114 N.M. 83, 835 P.2d 81 (Ct.App.1992), *cert. granted* (N.M. May 29, 1992) (No. 20,540); *Williams*, 114 N.M. at 487–88, 840 P.2d at 1253–54. In the present case, however, there was no evidence presented to establish that the officers had reason to be concerned for their safety or concerned that evidence was about to be destroyed at the time the passkey was used. Therefore, although pushing the door from inside would support the State's logic, there was no evidence of exigent circumstances justifying the failure to announce authority and purpose *prior* to the use of the passkey. *See Attaway*, 114 N.M. at 85, 835 P.2d at 83.

## THE KNOCK AND ANNOUNCE RULE NEED NOT BE CONSTITUTIONALLY BASED TO BE BINDING

■ The State's main argument is that the knock and announce rule is not a constitutional requirement; therefore, the State reasons, the federal knock and announce rule does not control searches by state police officers.[1]

Many jurisdictions which, like New Mexico, have adopted a knock and announce

---

1. The State relies on several federal cases in support of this contention. We find those cases inapposite. *Rodriguez v. Jones,* 473 F.2d 599

(5th Cir.), *cert. denied,* 412 U.S. 953, 93 S.Ct. 3023, 37 L.Ed.2d 1007 (1973), was a civil rights action arising out of an exchange of gunfire

rule[2] have found the foundation for the requirement in the Fourth Amendment to the United States Constitution. *See, e.g., People v. Gonzalez,* 211 Cal.App.3d 1043, 259 Cal.Rptr. 846 (1989); *People v. Gifford,* 782 P.2d 795, 798 n. 4 (Colo.1989) (en banc); *State v. Sakellson,* 379 N.W.2d 779 (N.D. 1985). Other courts have concluded that, although the knock and announce rule is of common law origin, it "is embodied in the fourth amendment and thus applicable against the states through the fourteenth amendment." *State v. Carufel,* 112 R.I. 664, 314 A.2d 144, 147 (1974). Yet other courts have concluded that the knock and announce rule derives solely from the common law and is not constitutionally compelled. *Commonwealth v. Goggin,* 412 Mass. 200, 587 N.E.2d 785 (1992); *see also* George E. Dix, *Means of Executing Searches and Seizures as Fourth Amendment Issues,* 67 Minn.L.Rev. 89, 100 (1982). Even federal courts which have concluded the requirement derives from the common law, however, have logically concluded it is equally applicable to the states. *Simons v. Montgomery County Police Officers,* 762 F.2d 30, 33 (4th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 789, 88 L.Ed.2d 767 (1986).

■ In addition to the common law, the New Mexico Constitution embodies a right to be free from unreasonable search and seizure. In *State v. Baca,* 87 N.M. 12, 13–14, 528 P.2d 656, 657–58 (Ct.App.), *cert.*

*denied,* 87 N.M. 5, 528 P.2d 649 (1974), this Court observed that Article II, Section 10 of the New Mexico Constitution protects against unreasonable searches and that law enforcement officers, prior to making a forced entry, must give notice of their authority and purpose, absent a showing that exigent circumstances justify a departure from such standard. Whatever the foundation of the requirement in New Mexico, then, it is clearly embedded in our jurisprudence and the Las Cruces narcotics officers were not free to ignore the requirement without legal justification. *Williams,* 114 N.M. at 487, 840 P.2d at 1253; *Baca,* 87 N.M. at 13, 528 P.2d at 657.

### A SEARCH WARRANT DOES NOT ABROGATE THE KNOCK AND ANNOUNCE REQUIREMENT

■ The State also argues that where entry is made pursuant to a valid search warrant issued by a neutral and detached magistrate, a suspect's Fourth Amendment rights have been vindicated, whether or not the officers follow the knock and announce rule. We construe this basically as an argument that since the officers were armed with a valid warrant, the evidence seized pursuant to this warrant should not be suppressed despite the officers' violation of the knock and announce rule. We disagree. In *State v. Gutierrez,* 112 N.M. 774, 819 P.2d 1332 (Ct.App.), *cert. granted,* 114 N.M. 501, 841 P.2d 549 (1991), this Court declined to approve a "good-faith" exception to the exclusionary rule, thereby

between the officers and the plaintiff's husband following a forced entry. The Fifth Circuit noted that the officers' failure to comply with the knock and announce requirement was appropriate since exceptions to the requirement were applicable under the circumstances of that case. As we have noted, no such exceptions apply in this case.

The State's reliance on *United States v. Sagaribay,* 982 F.2d 906 (5th Cir.1993), is also misplaced. The district court determined that the officers' conduct was proper under Texas law and that the federal knock and announce statute, 18 U.S.C. § 3109, did not apply since the case involved state officers executing a Texas search warrant. *Id.* at 909. The Fifth Circuit concluded that it "was not an unreasonable search under the Fourth Amendment." *Id.* at 910. Therefore, *Sagaribay* is consistent with

other recent Fifth Circuit decisions expressly recognizing "violation of the 'knock-and-announce' rule of [18 U.S.C.] section 3109 should also be a violation of the fourth amendment." *United States v. Mueller,* 902 F.2d 336, 343 (5th Cir.1990). Moreover, the State ignores other federal cases which derive a knock and announce rule from the Fourth Amendment requirement of reasonableness. *See, e.g., United States v. Mitchell,* 783 F.2d 971 (10th Cir.), *cert. denied,* 479 U.S. 860, 107 S.Ct. 208, 93 L.Ed.2d 138 (1986); *Rivera v. United States,* 928 F.2d 592 (2d Cir.1991).

**2.** Defendant also relies upon *State v. Tyler,* 251 Kan. 616, 840 P.2d 413 (1992). Since Kansas, unlike New Mexico, has not adopted a knock and announce rule, *id.* 840 P.2d at 427, we are unpersuaded by *Tyler.*

precluding the use of evidence seized in violation of the protections accorded against unreasonable searches and seizures under Article II, Section 10 of the New Mexico Constitution. *See also Williams*, 114 N.M. at 487, 840 P.2d at 1253. Therefore, assuming without deciding that the officers in this case were executing a valid search warrant issued by a neutral and detached magistrate, this, in and of itself, does not validate the search. *See id.*

 This argument further fails to recognize that the knock and announce rule serves more than one significant legal purpose. By requiring law enforcement officers to knock and identify themselves prior to a forced entry, the knock and announce rule: (1) advances the preservation of individual privacy; (2) prevents needless property destruction; and (3) reduces the chances of an officer being harmed when mistaken as an intruder. *Miller v. United States*, 357 U.S. 301, 313 & n. 12, 78 S.Ct. 1190, 1198 & n. 12, 2 L.Ed.2d 1332 (1958); *see also* Stanley A. Goldman, Note, *The Concept of "Breaking" in Announcement Statutes*, 7 Loy.L.A.L.Rev. 162, 163–64 (1974); 2 Wayne R. LaFave, *Search and Seizure* § 4.8(a) (2d ed. 1987). In the present case, an officer not dressed in uniform, knocking on a motel room door without identifying himself or his concealed colleagues or revealing their possession of a warrant, would do nothing to serve the second and third objectives of the knock and announce requirement. The fact that the magistrate is satisfied there is probable cause to believe evidence of illegal activity exists at a certain residence cannot be a blanket excuse to enter without notice, no matter what circumstances the officer executing the warrant encounters. *Williams*, 114 N.M. at 488–89, 840 P.2d at 1254–55; *cf. State v. Berry*, 174 Wis.2d 28, 496 N.W.2d 746, 748 (Ct.App.1993) ("The rule of announcement is one way that courts seek to ensure that search warrants are executed in a constitutionally reasonable manner."). *But see* John M.A. DiPippa, *Is the Fourth Amendment Obsolete?—Restating the Fourth Amendment in Functional Terms*, 22 Gonz.L.Rev. 483, 524–25 (1987–1988).

Based on the above considerations, we hold that the knock and announce rule was violated. Therefore, the order denying suppression of evidence is reversed, and this case is remanded with instructions to vacate Defendant's conviction and sentence, to suppress all evidence seized pursuant to the search of Defendant's motel room, and for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DONNELLY and FLORES, JJ., concur.