This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

**v.**                                                   No. A-1-CA-37488

**JIMMY JOHNSON,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Albert J. Mitchell, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Public Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     The State has appealed from an order of suppression. We previously issued a notice of proposed summary disposition, proposing to affirm. The State has filed a

memorandum in opposition. After due consideration, we remain unpersuaded by its assertions of error. We therefore affirm.

**{2}** To briefly reiterate the relevant background, police obtained a warrant authorizing a search of Defendant's residence after a confidential informant completed several controlled purchases of methamphetamine there. [RP 226] In the supporting affidavit, the officer indicated that the confidential informant had observed Defendant to be in possession of both a quantity of methamphetamine and a semi-automatic pistol within the preceding 72 hours. [Id.] Additionally, the affiant indicated that a state police officer had advised that he had "recently responded to a call for service where [Defendant] threatened another individual with a firearm." [Id.] In light of this information, the affiant specifically requested that a "no-knock entry be authorized due to concern that the known occupants of the residence are armed and dangerous." [Id.] That request was granted. [RP 220] Police officers executed the search six days after the warrant was issued. [RP 221] Although they seized numerous items consistent with drug trafficking, no firearms were found. [RP 221-23]

**{3}** Defendant moved to suppress all items recovered in the course of the search on grounds that the officers' failure to knock and announce prior to entry was unjustified. [RP 79-86] The district court ultimately agreed. [RP 197-99] This determination is the subject of the instant appeal.

**{4}** "Absent various exceptions, Article II, Section 10 of the New Mexico Constitution requires officers executing a warrant at a premises to knock and announce their presence and authority and then wait a reasonable time to permit those inside to voluntarily open the door." *State v. Jean-Paul*, 2013-NMCA-032, ¶ 1, 295 P.3d 1072. One exception applies when there are exigent circumstances, such as in situations involving specific information indicating that the danger to the officers executing the warrant will be increased if the officers comply with the knock-and-announce rule. *Id.* ¶ 10. "[The] court must look to the totality of the circumstances at the time of entry from the point of view of a reasonable, well-trained, and prudent police officer to decide whether the officer had a reasonable belief that there were exigent circumstances." *Id.* ¶ 11. The reasonableness of an officer's belief in this regard "requires specific, articulable facts, together with reasonable inferences therefrom, as a basis for concluding that the facts and circumstances of the particular entry justified dispensing with the knock-and-announce requirement." *Id.* (internal quotation marks and citation omitted).

**{5}** Insofar as district court rejected the State's claim of exigency, this Court must view the facts in the light most favorable to that ruling and indulge in all reasonable inferences accordingly. *See State v. Lopez*, 2005-NMSC-018, ¶¶ 9, 22, 138 N.M. 9, 116 P.3d 80 (discussing and applying the standard of review in this context). Although

the State briefly suggests in its memorandum in opposition that this approach does not give adequate deference to the issuing court's earlier determination, [MIO 2, 13] insofar as we are called upon to review a suppression order based upon consideration of the circumstances present at the time of entry, we remain of the opinion that *Lopez* is the controlling authority. *See id.* ¶ 12 (indicating that where a no-knock entry is at issue, "[t]he appellate court must consider all of the circumstances as found or impliedly found by the trial court to be present at the time of entry."); *State v. Williams*, 1992-NMCA-106, ¶¶ 3, 16-18, 114 N.M. 485, 840 P.2d 1251 (holding that regardless of the issuance of a no-knock search warrant, if exigent circumstances have not been established at the time of entry, failure to comply with the knock and announce rule in executing a search warrant invalidates the subsequent search).

{6}	In light of the foregoing, we accept the district court's determination that officers who executed the warrant had reason to believe that Defendant was in possession of methamphetamine and a semi-automatic pistol, [RP 197] and we take into consideration the time of the entry, at 6:25 a.m. in the morning six days after the warrant was issued and nine days after the firearm was seen by the confidential informant. [RP 197-98] We also acknowledge the district court's rejection of the proffered evidence of propensity for violence, including the vague and unsubstantiated information about the "call for assistance" allegedly involving Defendant. [RP 198]

4

We similarly accept the district court's determination that there was "no indication that [D]efendant had a willingness to use the pistol." [RP 198] We take all of these facts into consideration in determining whether exigent circumstances existed under the totality of the circumstances.

{7}     As we observed in the notice of proposed summary disposition, we have a number of published cases dealing with claims of exigency, where officers have reason to believe drugs and firearms are present. In *Lopez*, our New Mexico Supreme Court upheld a finding of exigent circumstances based on a reasonable suspicion of increased danger to officers, when the officers had information that there were two to four people in the residence with access to multiple firearms including automatic weapons and sawed-off shotguns, and that one of the residents was a drug dealer, and when the warrant was executed in the afternoon, thereby lessening the degree of intrusion but increasing the risk to officer safety. 2005-NMSC-018, ¶¶ 25-26. In *State v. Vargas*, 1996-NMCA-016, ¶¶ 9, 13, 121 N.M. 316, 910 P.2d 950, this Court similarly upheld a finding of exigent circumstances based on a reasonable suspicion of increased danger to officers, when the officers had information that the defendants were involved in dealing drugs, that both were gang members and carried weapons, that one of the defendants had threatened police, and that during numerous police dispatches to the defendants' residence over the prior ten years, the defendants and

other residents had a propensity to behave violently and to challenge the police. Finally, in *State v. Attaway*, 1994-NMSC-011, ¶¶ 32-34, 117 N.M. 141, 870 P.2d 103, our Supreme Court upheld a finding of exigent circumstances based on a reasonable suspicion of increased danger to officers, when the officers had information that the defendant was a drug user and dealer, that he had previously been convicted of weapons and drug charges, that he possessed a large arsenal of weapons including an automatic weapon and a number of other guns, and he in the past had threatened police officers.

{8} Collectively, the foregoing authorities reflect the significance of a particularized showing of danger, under the totality of the circumstances. Conversely, in the absence of a reasonably particularized showing of danger, generalized concerns are typically deemed inadequate to establish the exigency required to support no-knock entries. For example, in *Williams*, 1992-NMCA-106, ¶¶ 16-17, we affirmed the district court's finding of no exigent circumstances, where the officers believed that the occupants were drug dealers and that drug dealers are generally armed, but "there was no evidence at the time of execution of the search warrant indicating that anyone threatened the officers or that they were placed in fear by persons either inside or outside the residence."

{9}     In this case, viewing the evidence and the inferences therefrom in the light most favorable to the district court's ruling, the only indicia of dangerousness included Defendant's drug trafficking and the confidential informant's observation of a firearm in the residence nine days earlier. In contrast to the cases upholding findings of exigent circumstances, there were no indications of numerous firearms within the residence.  And as previously stated, the district court specifically rejected the claim of demonstrated propensity for violence, based on the vague and unsubstantiated nature of the information concerning the call for assistance, and in the absence of any evidence of  prior convictions for crimes of violence or historical willingness to threaten the police or to use firearms. [RP 198] *See Lopez*, 2005-NMSC-018, ¶ 9, (observing that in this context, "[a]ll reasonable inferences in support of the district court's decision will be indulged, and all inferences or evidence to the contrary will be disregarded"); *Attaway*, 1994-NMSC-011, ¶ 5 ("[A] trial court is to be given wide latitude in determining [whether] an historical fact has been proven."). We remain of the opinion that these circumstances render the case far more analogous to *Williams* than *Lopez*, *Vargas*, or *Attaway*.  Accordingly, we conclude that the no-knock entry was impermissible.

{10}     In its memorandum in opposition the State argues that our focus is misplaced, urging us instead to overturn the district court's decision on grounds that it was

7

unduly concerned about delay in the execution of the warrant. [MIO 2, 6-14] We remain unpersuaded. The fundamental question is whether the circumstances at the time of entry justified dispensing with the knock and announce requirement. For the reasons previously stated, we conclude that this question is answered in the negative. In so concluding, it is not necessary to give additional consideration to the delay in the execution of the warrant. We therefore decline to consider further whether the delay is of special significance. *See State v. Martinez*, 2015-NMCA-013, ¶ 18, 343 P.3d 194 (observing parenthetically that we avoid rendering advisory opinions, and declining on that basis to resolve a novel and unnecessary question).

{11}    Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

{12}    **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Judge**

_____

**JULIE J. VARGAS, Judge**

8